WASHBURN VS. THE MILWAUKEE & LAKE WINNEBAGO RAIL-ROAD COMPANY.

*January 9 — January 29, 1884.*

*Condemnation of land by railroad: Appeal: Parties.*

1. One of several parties to whom an award has been made for lands taken by a railroad may appeal separately from such award, and will not be required to bring the other parties into court. If the railroad company desires other parties to be before the court for its protection it is its duty to bring them in.
2. Where, in such case, the railroad company has also appealed from the whole award, both appeals may be tried together with all the parties before the court.

APPEAL from the Circuit Court for *Winnebago* County. The case is thus stated by Mr. Justice TAYLOR:

" This is an appeal from an order of the circuit court dismissing an appeal to that court from the award of commissioners appointed on the petition of the railroad company to assess the damages for taking a certain tract of land for the purposes of such railroad. In the proceeding to assess the damages, Jackson, James, Stille, and the appellant, *Washburn*, were made parties as having an interest in the lands taken by the company. The award of the commissioners from which *Washburn* appealed does not undertake to determine the interest or estate which each of said parties had in said land, but awards a gross sum of $1,350 as compensation

for the interests of all the parties in the lands taken. From this award the appellant, *Washburn*, appealed to the circuit court. The other parties, Jackson, James, and Stille, did not appeal. The railroad company also appealed from the whole of the award, to the circuit court.

"After both appeals had been perfected in the circuit court, the railroad company made a motion to dismiss the appeal of *Washburn*, founded upon an affidavit made by the attorney of the railroad company, setting forth the award and alleging, upon information and belief, that the appellant, *Washburn*, and Jackson were the owners of all the premises taken, each owning an undivided half thereof, and that the only interest of James and Stille was an undivided quarter interest in a portion of the premises subject to the tax deeds under and by virtue of which the said *Washburn* and Jackson claimed title to said lands; and further alleging that neither Jackson, James, or Stille joined in the appeal taken from the award by *Washburn*. Upon the hearing of the motion to dismiss the appeal, the appellant, *Washburn*, made an affidavit setting forth, upon information and belief, that since the making of the award the said James, Stille, and Jackson had conveyed their interest in the lands for which damages had been awarded, to one Howard Morris, who was the attorney of said railroad company, and who took said conveyances for the benefit of the railroad company, which paid the whole consideration for such conveyances. Upon the hearing of the motion upon the papers in the case and the said affidavits, the circuit court ordered that the appellant, *Washburn*, make Howard Morris a party to his action upon his appeal; and because the attorney for said *Washburn* in open court refused to make said Morris a party to his action, the court ordered his appeal dismissed with costs; and from this order he appeals to this court."

*Gabe Bouck*, for the appellant.

For the respondent there was a brief by *Flanders & Bot-*

*tum,* attorneys, and *Edwin H. Abbot,* of counsel, and oral argument by *Mr. Flanders.*

TAYLOR, J.   The only ground upon which it is possible to sustain the order made by the circuit court is, that Morris was a necessary party to the hearing upon the appeal of *Washburn* in the circuit court, and that it was the duty of *Washburn* to make him a party to his action in some manner.   We think the circuit court erred in so holding, for several reasons:

*First.* The interest of Morris in the property, if he ·had any, was acquired *pendente lite,* and subsequent to the time when *Washburn* had perfected his appeal from the award of the commissioners; and in such case, if the railroad company deemed the presence of the party to whom the title had been transferred by the other parties to the condemnation proceedings necessary to protect their rights, it may be the company would have had the right, under the provisions of sec. 2301, R. S. 1878, to have obtained an order from the court, making him a party to the proceedings; but the court would have no power, under said section, to compel the appellant, *Washburn,* to make him such party.

*Second.* The only evidence before the court which showed that Morris had any interest in the premises, just as conclusively showed that the interest he held was held, in fact, for the benefit of the railroad company.   It was therefore wholly unnecessary that he should be made a party to the appeal in order to protect the rights of the company.   The company was in court, and competent to protect all its rights, whether held by Morris or any other person.

*Third.* The record shows that the company had appealed from the whole award.   Upon such appeal all the parties to the original proceedings were in court, Jackson, James, and Stille, as well as *Washburn.*   *Watson v. M. & M. R'y Co.,* 57 Wis., 340.   If the presence of these parties was shown

to be necessary upon the trial of the appeal of *Washburn*, that could be easily accomplished by obtaining an order from the court that the two appeals be tried together, and by the same jury.

*Fourth.* In the proceedings to take lands for railroad purposes, it is the duty of the company to make the owners of the property taken parties to the proceedings. Secs. 1846–48, R. S.; *Watson v. M. & M. R'y Co., supra.* There is no duty imposed upon a person who is made a party to such proceeding by the railroad company to see to it that other parties claiming an interest in the premises are made parties thereto. That duty is cast by the statutes upon the company. This is not denied by the learned counsel for the company; but it is insisted that after the company have brought the proper parties into court they are entitled to have them all in court upon any appeal which may thereafter be taken from the award by any party thereto. If this were to be admitted it would not justify the order made in this case, for the reason that all the parties were in the circuit court upon the appeal of the company, and if they deemed their presence necessary upon the trial of *Washburn's* appeal, that could have been accomplished by a trial of the two appeals together. Sec. 1849, R. S. 1878, clearly provides that one or more of several parties to an award may appeal from such award without joining all the parties thereto. The words "any party may appeal," followed afterward by the words "the appeal shall be considered an action pending in court subject, etc., . . . and shall be entered by the clerk upon the records of the court by setting down the owner or owners of the land for which such award was made, *and who are parties to the appeal* as plaintiffs, and the railroad corporation as defendant," are conclusive upon this question. It is very clear to us that if the statute had intended to require all the land-owners to make a joint appeal, the words " and who are parties to the appeal "

would not have been inserted in the statute. *Wooster v. S. R. V. R. R. Co.*, 57 Wis., 311; *Watson v. M. & M. R'y Co.*, 57 Wis., 347. Those who do not choose to appeal must be deemed to have elected to take such share of the money awarded by the commissioners for the whole of the property taken as their interest in the land entitles them to; and upon the trial of the action upon the separate appeal of one party he can only recover damages for such an interest or estate in the lands taken as he can establish in himself on such appeal. *Wooster v. S. R. V. R. R. Co.*, *supra*. Whether upon the separate appeal of one of several parties to an award, the court could, upon the application of the railroad, upon proof that some of the parties not appealing contested the title claimed by the appealing party or any part of such claimed title, make such adverse claimant a party to the action upon this appeal, is a question not fairly presented in this case, and we do not feel called upon to express any opinion thereon. If the defendant desired other parties present on the trial of the appeal for its protection it was its duty to bring them before the court; and it would clearly be an error for the court to require the appealing party to bring them into court, and dismiss his appeal for refusing to do so.

*By the Court.*— The order of the circuit court appealed from is reversed, and the cause is remanded for further proceedings according to law.