GAWIN (Edmund A.), and wife, Plaintiffs: GAWIN (Arnold M.) and others, Appellants, v. REDEVELOPMENT AUTHORITY OF THE CITY OF MILWAUKEE, Respondent.

*No. 200. Argued September 13, 1971.—Decided October 5, 1971.*
(Also reported in 190 N. W. 2d 201.)

For the appellants there was a brief by *Phillip Elliott, Jr.,* and *Petrie, Stocking, Meixner & Zeisig, S. C.,* attorneys, and *Richard H. Schulz* of counsel, all of Milwaukee, and oral argument by *Mr. Schulz.*

For the respondent there was a brief by *John J. Fleming,* city attorney, and *Harvey G. Odenbrett,* principal assistant city attorney, both of Milwaukee, and oral argument by *Mr. Odenbrett.*

CONNOR T. HANSEN, J. November 10, 1964, the Milwaukee County Condemnation Commission made an award to the appellants for the condemnation of their real estate, located in the city of Milwaukee. December 8, 1964, appellants filed an appeal in the circuit court for Milwaukee county. Funds, representing the amount of the award, were deposited with the clerk of court. June 30, 1965, the trial court ordered the clerk of the circuit court to disburse the funds on deposit, there

being no objections interposed by the respondent. October 30, 1969, the attorney for appellants (except Edmund A. Gawin and Angela Gawin) was authorized to withdraw from the case. No substitution of attorneys was made until shortly prior to the hearing of the order to show cause on July 27, 1970. July 24, 1970, James G. Forester was substituted as attorney for Edmund A. Gawin and Angela Gawin, who, together with Agnes P. Gawin, are not parties to this appeal.

All appellants in the circuit court proceeding were ordered to show cause on July 27, 1970, why the case should not be dismissed for failure to prosecute. August 3, 1970, subsequent to a hearing on the order to show cause, the trial court entered an order dismissing the case pursuant to the provisions of sec. 269.25, Stats.[1]

### Issues.

The issues raised on this appeal are:

1. Are the provisions of sec. 269.25, Stats., applicable to an appeal to circuit court in a condemnation proceeding?

2. Did the trial court abuse its discretion in ordering the case dismissed?

### Applicability of sec. 269.25, Stats.

Sec. 32.06 (10), Stats.,[2] sets forth the procedure to be followed for an appeal from a condemnation award.

---

[1] Section 269.25, Stats. 1967, provides:

"**Dismissal for delay.** The court may without notice dismiss any action or proceeding which is not brought to trial within five years after its commencement."

[2] "**32.06 Condemnation procedure in other than highway, etc. matters.** . . .

". . .

"(10) APPEAL TO CIRCUIT COURT. Within 60 days after the date of filing of the commission's award either condemnor or owner may appeal to the circuit court by giving notice of appeal to the

The appellants urge this court to reconsider its previous determination that an award in a condemnation proceeding is an action or proceeding subject to the provisions of sec. 269.25, Stats. We do not accept this invitation, and in accordance with previous holdings by this court find that the provisions of sec. 269.25 are applicable to such an appeal. The point at which a condemnation proceeding achieves the status of a court proceeding is upon the filing of an appeal from the commission's award. *Millard v. Columbia County Highway Comm.* (1964), 25 Wis. 2d 425, 428, 130 N. W. 2d 861.

An appeal to the circuit court from the award of the commission is subject to dismissal under sec. 269.25, Stats. *Neuhaus v. Clark County* (1961), 14 Wis. 2d 222, 228, 111 N. W. 2d 180.

### *Abuse of discretion.*

It appears from the record that the trial court applied sec. 269.25, Stats., as amended by the laws of 1969. That section provides:

"269.25 **Dismissal for delay.** The court may with notice dismiss any action or proceeding which is not brought to trial within 4 years after its commencement."

This amendment to the 1967 statute reduces the time in which dismissal is authorized from five years to four,

opposite party and to the clerk of the circuit court as provided in s. 32.05 (10). The clerk shall thereupon enter the appeal as an action pending in said court with the condemnee as plaintiff and the condemnor as defendant. It shall thereupon proceed as an action in said court subject to all the provisions of law relating to actions brought therein, but the only issues to be tried shall be questions of title, if any, as provided by ss. 32.11 and 32.12 and the amount of just compensation to be paid by condemnor, and it shall have precedence over all other actions not then on trial. It shall be tried by jury unless waived by both plaintiff and defendant. The amount of the jurisdictional offer or of the commission's award shall not be disclosed to the jury during such trial."

and adds the requirement that, upon dismissal, notice be given to the parties. The change became effective on December 13, 1969. In this case, the appeal was filed December 8, 1964, and dismissed after notice and hearing, on August 3, 1970.

We find no prejudicial error or abuse of discretion in the trial court applying the 1969 statute, because the trial court was clearly within its discretionary power. *Lawrence v. MacIntyre* (1970), 48 Wis. 2d 550, 180 N. W. 2d 538. More than five years had elapsed since the appeal was taken, and under the 1967 statute no notice was required prior to dismissal.

Appellants contend that it was an abuse of discretion for the trial court to authorize the dismissal of the attorney of record in October of 1969, without warning the appellants of an impending dismissal under sec. 269.25, Stats. We do not agree.

It was not the duty of the trial court to advise appellants of the possibility of dismissal for want of prosecution. Before the 1969 amendment to sec. 269.25, Stats., the trial court was not even required to notify the parties that a case was dismissed. "The responsibility of advancing a case on the calendar and preparing it for trial is upon the plaintiff's lawyer. It is not the responsibility of the judge." *Lawrence v. MacIntyre, supra*, page 556. There is no indication of the reasons for the withdrawal of the attorney of record after almost five years, and there is nothing to suggest that the blame for delay was attributable to appellants' attorney. In *Taylor v. State Highway Comm.* (1970), 45 Wis. 2d 490, 495, 173 N. W. 2d 707, it was held that:

". . . the onus for delay is not to be completely shifted to retained counsel unless the litigant has been diligent in urging the prosecution of the case and the delay results almost entirely from the neglect or oversight of counsel. . . ." (Citations omitted.)

Appellants have not demonstrated diligence on their part or neglect by their counsel.

Appellants further contend that since they erroneously designated the respondent as plaintiff in their appeal from the condemnation award, and no objection was interposed thereto, it was the duty of the respondent to advance the case for trial. We consider this argument to be without merit.

The purpose of designating the condemnee as plaintiff and the condemnor as defendant under sec. 32.06 (10), Stats., is to allocate the burden of proof to the property owner and afford him the right to open and close. *Loeb v. Board of Regents* (1965), 29 Wis. 2d 159, 165, 138 N. W. 2d 227. The burden of advancing the case for trial is upon the party instituting the action.

Appellants also argue that, relative to other cases, this case was not pending an inordinate length of time. Without discussing cases cited by appellants, it is sufficient to say that the trial court was well within its discretionary power to dismiss for failure to prosecute.

Appellants' final contention is that there is no evidence of undue delay or inexcusable neglect. The burden, however, is not on the trial court but on the appellants to show that there was an abuse of discretion in dismissing the action. The statements made by this court in *Taylor v. State Highway Comm., supra,* 494, 495, are particularly applicable to the present case:

"While court exercise of the power to dismiss for failure to prosecute is discretionary, a party claiming to be aggrieved by such court-ordered dismissal must clearly demonstrate an abuse of discretion before this court will reverse the trial court ruling. To establish an abuse of discretion, the party claiming to be aggrieved must show a '. . . clear and justifiable excuse' for the delay. This the appellant has here failed to do." (Citations omitted.)

We, therefore, conclude that the trial court did not abuse its discretion in dismissing the case.

*By the Court.*—Order affirmed.