HUTH, and another, Plaintiffs-Respondents, v. PUBLIC SERVICE CORPORATION, Defendant-Appellant.

*No. 76–539.—Decided January 3, 1978.*
(Also reported in 260 N.W.2d 676.)

For the appellant the cause was submitted on the briefs of *Welsh, Trowbridge, Planert & Schaefer, S. C.* of Green Bay.

For the respondents the cause was submitted on the briefs of *Donald J. Hanaway* and *Condon & Hanaway, Ltd.* of Green Bay.

PER CURIAM. The issue here is whether the condemnor (appellant) who appealed to the circuit court from the condemnation commission's award has the right to abandon or discontinue the appeal over the objection of the condemnee. The trial court denied appellant's motion to abandon the appeal. The appeal from the commission's award was taken April 12, 1969. The motion for leave to abandon the appeal was filed May 29, 1973, and was denied August 9, 1973. Appellant's motion was in the nature of a motion for a voluntary nonsuit. At common law and early under the code the right to discontinue an action was absolute. *Bertschy v. McLeod,* 32 Wis. 205 (1873). However, the rule now is that leave to discontinue may be denied in the court's discretion, if the rights of the opposing party will be substantially prejudiced by discontinuance. *Russell v. Johnson,* 14 Wis.2d 406, 111 N.W.2d 193 (1961) ; *Burling v. Burling,* 275 Wis. 612, 82 N.W.2d 807 (1957).

On the filing of an appeal from the award of the commission the clerk enters the appeal as an action with the condemnee as plaintiff and the condemnor as defendant and the action proceeds as an action in the court. The issue to be tried is the amount of just compensation to be paid. Sec. 32.05 (10), Stats. The burden of proof on trial is in the condemnee. *Loeb v. Board of Regents,* 29 Wis.2d 159, 138 N.W.2d 227 (1965). The effect of an

appeal to circuit court thus is to create an action with a trial *de novo* of the issue of just compensation with the condemnee as the moving party plaintiff. There is no requirement that both parties must appeal if both are dissatisfied with the commission's award. An appeal by one permits both to litigate the issue and places the burden on the condemnee of going ahead with proof to support his contention as well as giving him the right to do so. If the condemnee was satisfied with the commission's award he would not oppose the condemnor's motion for leave to abandon the appeal. However, where, as here, the condemnor seeks to abandon the appeal to circuit court after the time for the condemnee to appeal has expired and is permitted to do so, it deprives the condemnee of his right to litigate the issue of just compensation if he wishes to do so. To permit such an abandonment destroys the condemnee's right created by statute, to litigate the issue *de novo* and is prejudicial.

Under the circumstances of this case it was a proper exercise of the court's discretion to deny the condemnor's motion for leave to abandon the appeal. To have granted it may well have been an abuse of discretion because of the grave consequences to the condemnee of such permission.

The respondents' motion for summary affirmance is granted and the judgment of the circuit court is affirmed.