Dean A. DICKIE, Plaintiff-Appellant,

v.

The CITY OF TOMAH, a municipal corporation of
the State of Wisconsin, Defendant-Respondent.†

Court of Appeals

*No. 89-2398. Submitted on briefs September 7, 1990.—Decided
December 27, 1990.*

(Also reported in 465 N.W.2d 262.)

†Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *William K. Blanchard* of *Phelan, Pope & John, Ltd.* of Chicago and *Daniel C. Arndt* of *Bosshard & Associates* of La Crosse.

For the defendant-respondent the cause was submitted on the brief of *Robert J. Mubarak,* city attorney, and *Benjamin Southwick* of Richland Center.

Before Gartzke, P.J., Dykman and Sundby, JJ.

SUNDBY, J. In this appeal, we decide that a condemnee who appeals from an award of the county condemnation commission to the circuit court under sec.

32.06(10), Stats., may dismiss his appeal without order of the circuit court. We therefore reverse the circuit court's order voiding the condemnee's notice of dismissal of his appeal.

The city determined that it was necessary that it acquire real estate owned by Dean A. Dickie. After Dickie rejected its jurisdictional offer of $9,000, the city filed a petition with the county condemnation commission under sec. 32.06(7), Stats., for condemnation proceedings. The commission determined that the fair market value of Dickie's property was $130,000 and filed its award with the clerk of the circuit court. Dickie appealed from the commission's award under sec. 32.06(10) which provides in part:

> Within 60 days after the date of filing of the commission's award either condemnor or owner may appeal to the circuit court by giving notice of appeal to the opposite party and to the clerk of the circuit court as provided in s. 32.05(10). The clerk shall thereupon enter the appeal as an action pending in said court with the condemnee as plaintiff and the condemnor as defendant. It shall thereupon proceed as an action in said court subject to all the provisions of law relating to actions brought therein . . ..

Shortly thereafter, Dickie filed and served a notice of voluntary dismissal of his appeal pursuant to sec. 805.04(1), Stats. The city objected to Dickie's dismissal on the authority of *Huth v. Public Serv. Corp.*, 82 Wis. 2d 102, 260 N.W.2d 676 (1978). The circuit court granted the city's motion to void Dickie's notice of appeal, concluding that sec. 805.04(1), Stats., did not apply to an appeal under sec. 32.06(10), Stats., and that the case was governed by *Huth*.

In *Huth*, the court held that the condemnor who appealed to the circuit court from the condemnation

commission's award could not abandon or discontinue the appeal over the condemnee's objection. The court said that to permit the condemnor to abandon its appeal "destroys the condemnee's right created by statute, to litigate the issue [of just compensation] *de novo* and is prejudicial." *Id.* at 104, 260 N.W.2d at 678. However, *Huth* was decided on facts which arose prior to the adoption of sec. 805.04(1), Stats., which provides: "An action may be dismissed by the plaintiff *without order of court* by serving and filing a notice of dismissal at any time before service by an adverse party of responsive pleading or motion . . .."[1] (Emphasis added.)

When *Huth* was decided, the trial court could, in its discretion, deny the right to discontinue an action if it determined that the rights of the opposing party would be substantially prejudiced. *Huth*, 82 Wis. 2d at 103, 260 N.W.2d at 677. Section 805.04(1) allows a plaintiff to voluntarily dismiss his or her action without court order, if the statute is satisfied. *Huth* is therefore inapposite.

The city also relies on sec. 801.01(2), Stats., which provides: "Chapters 801 to 847 govern procedure and practice in circuit courts of this state in all civil actions and special proceedings whether cognizable as cases at law, in equity or of statutory origin *except where different procedure is prescribed by statute or rule . . ..*" (Emphasis added.) Section 32.06(10), Stats., does not, however, prescribe a different procedure for dismissing condemnation award appeals. The statute provides that an appeal from the condemnation commission's award "shall . . . proceed as an action in said court *subject to all the provisions of law relating to actions brought therein . . ..*" (Emphasis added.) This language is clear

[1]Section 805.04(1), Stats., was created by supreme court order, 67 Wis. 2d 691, effective January 1, 1976.

and unambiguous. We are not to search for ways to find a statute ambiguous when its terms are clear. *State ex rel. Girouard v. Jackson County Circuit Ct.,* 155 Wis. 2d 148, 156, 454 N.W.2d 792, 795 (1990). "Unless an interpretation of a statute would lead to ludicrous or plainly unintended results, our function is not to rewrite the statute." *In re G.&L.P.,* 119 Wis. 2d 349, 355, 349 N.W.2d 743, 746 (Ct. App. 1984). We apply the same principle to a supreme court rule.

The city argues that subjecting a condemnation appeal under sec. 32.06(10), Stats., to sec. 805.04(1), Stats., leads to an absurd result, and is to be avoided. *Maxey v. Racine Redevelopment Authority,* 120 Wis. 2d 13, 20, 353 N.W.2d 812, 816 (Ct. App. 1984). The absurd result which the city sees is that because the condemnee is always the plaintiff, it may dismiss the condemnor's appeal without court order.

We reject the city's argument. The designation of the condemnee as the plaintiff in an appeal under sec. 32.06(10), Stats., is purely procedural.[2] An arbitrary procedural designation does not control the substantive meaning of "plaintiff," as used in sec. 805.04(1), Stats. The spirit or intent of the law prevails over the letter. *State ex rel. Jackson v. Leicht,* 231 Wis. 178, 183, 285 N.W. 335, 338 (1939). In *Leicht,* the court refused to allow "the defendant" to have a change of venue under sec. 261.03, Stats. (1939)[3] because he had "no interest to

_____

[2] "The purpose of designating the condemnee as plaintiff and the condemnor as defendant under sec. 32.06(10), Stats., is to allocate the burden of proof to the property owner and afford him the right to open and close." *Gawin v. Redevelopment Authority of Milwaukee,* 52 Wis. 2d 380, 385, 190 N.W.2d 201, 204 (1971).

[3] Section 261.03, Stats. (1939), provided in part: "When the county designated in the complaint is not the proper place of trial

be protected and no advantage to be secured by such change." *Id.* at 183, 285 N.W. at 337. The court said that "[i]t would be absurd and unreasonable to assume that the legislature intended that a person who had no interest that could be affected by the event of an action should be given the right to control its place of trial." *Id.* at 185, 285 N.W. at 338.

Similarly, it would be absurd and unreasonable to assume that the supreme court, when it adopted sec. 805.04(1), Stats., intended to give to a condemnee who had not commenced an "action" under sec. 32.06(10), Stats., the right to dismiss the condemnor's "action" without court order. Section 805.04(1) is intended to give the initiator of an action the right to dismiss.[4] When a condemnor appeals from a condemnation award, it initiates an "action," which it may dismiss under sec. 805.04(1).

But, the city protests, if the condemnee appeals first, the condemnor cannot protect itself by filing its own appeal. Such an appeal, the city argues, could be dismissed under sec. 802.06(2)(j), Stats., on the ground that another action for the same cause was pending between the same parties. The city fears that such an appeal would be frivolous. The city argues that this is an unreasonable result.

---

. . . *the defendant* may . . . serve upon the plaintiff a demand in writing that the trial be had within a proper county . . .." (Emphasis added.)

[4]Section 805.04(1), Stats., is "generally equivalent to Federal Rule 41(a)(1)." Judicial Council Committee's Note, 1974, Wis. Stat. Ann. sec. 805.04 (West 1977). "The purpose of [Rule 41(a)(1)] is to facilitate the voluntary dismissal of an action . . .." 5 J. Moore, J. Lucas & J. Wicker, *Moore's Federal Practice* sec. 41.02[1] at 41-13 (2d ed. 1984).

The city's fears are groundless. Section 32.06(10), Stats., allows "either condemnor or owner" to appeal. The city reads this language to mean that if the owner appeals, the condemnor may not. The courts have not read such language as does the city. In *Taylor v. State Highway Comm'n.*, 45 Wis. 2d 490, 495, 173 N.W.2d 707, 711 (1970), both the commission and the owner appealed from the county court award. The court said that "[t]he two appeals must be considered separate actions . . .." *Id.* Under a forerunner to sec. 32.06(10), Stats.—sec. 1849, Rev. Stats. 1878—the court allowed an appeal by the condemnor when the owner had already appealed. *Washburn v. Milwaukee & Lake Winnebago R.R.*, 59 Wis. 379, 18 N.W. 431 (1884). We conclude that the city could have appealed even though Dickie's appeal was pending.[5]

Finally, we address the city's argument that the supreme court could not have intended that sec. 805.04(1), Stats., should apply to condemnation appeals under sec. 32.06(10), Stats., because no pleading is contemplated in response to a notice of appeal under sec. 32.06(10). In view of our conclusion that each party may appeal under sec. 32.06(10), the city's "absurdity" argument as to the application of sec. 805.04(1), Stats., evaporates. Admittedly, the language of sec. 805.04(1), Stats., does not effortlessly embrace condemnation appeals. The supreme court, however, is presumed to have been

---

[5]The city deliberately put itself behind Dickie. It had ample time to file its appeal before Dickie filed. The deadline for filing was September 1. On August 15 the city council voted to appeal, but trial counsel instructed the city attorney not to file unless Dickie failed to. The costs statute, sec. 32.28(3), Stats., made it unattractive for the city to appeal.

27

aware of the loose fit between sec. 805.04(1) and sec. 32.06(10), Stats., when it adopted sec. 805.04(1).[6] We therefore cannot conclude that allowing a condemnation appellant to voluntarily dismiss an appeal is a result "plainly unintended" by the supreme court when it adopted sec. 805.04(1), Stats.

The city makes two further arguments. First, that the city's jury demand was a responsive pleading as that term is used in sec. 805.04(1), Stats. Second, that Dickie is equitably estopped from dismissing his appeal. We reject both arguments.

Section 802.01(1), Stats., provides what pleadings are allowed. A jury demand is not a pleading under that statute. We note in this respect that a condemnor or condemnee who does not appeal has a measure of protection from a premature dismissal of a condemnation appeal. The right of voluntary dismissal under sec. 805.04(1), Stats., is limited in its application to an early stage of the proceedings. *See* 5 *Moore's Federal Practice* sec. 41.02[1] at 41-13, construing Fed. R. Civ. P. 41(a)(1).

 

We conclude that Dickie was not equitably estopped from dismissing his appeal. The city claims that it relied on Dickie's appeal to its detriment. It sees Dickie's appeal and subsequent dismissal of its appeal as a Machiavellian scheme to induce the city not to appeal. Because the city's argument assumes facts which are not in evidence, we may not consider it. Further, the reliance

[6]See *Maxey v. Racine Redevelopment Authority*, 120 Wis. 2d 13, 24, 353 N.W.2d 812, 818 (Ct. App. 1984) (when legislature enacts statute, it is presumed to act with full knowledge of existing statutes). We apply the same principle of construction to a rule adopted by the supreme court.

element of equitable estoppel must be reasonable. *Kohlenberg v. American Plumbing Supply Co.*, 82 Wis. 2d 384, 396, 263 N.W.2d 496, 501 (1978). The city's reliance on Dickie's appeal to insure its right to have litigated the issue of the compensation awarded by the condemnation commission was not reasonable.

*By the Court.*—Order reversed.

GARTZKE, P.J. *(dissenting).* Section 805.04(1), Stats., permits dismissal of an action without a court order "by serving and filing a notice of dismissal at any time before service by an adverse party of responsive pleading or motion . . .." An adverse party cannot file a pleading in an appeal under sec. 32.06(10), Stats. The adverse party, the condemnor, did not file a motion. The attempted dismissal is therefore void.

As the trial court said, sec. 32.06(10), Stats., is "unique and somewhat curious." It permits the condemnor or condemnee to "appeal" by giving notice of appeal to the opposite party and to the clerk of the circuit court. The clerk must enter the appeal "as an action pending in said court with the condemnee as plaintiff and the condemnor as defendant." After the appeal is entered as an action, "it shall thereupon proceed as an action in said court subject to all of the provisions of law relating to actions brought therein . . .."

However, nothing in sec. 32.06(10), Stats., contemplates an answer, the traditional pleading by an adverse party in an action. Although sec. 802.01(1), Stats., provides "[t]here shall be a complaint and an answer; . . .," that requirement does not apply to an appeal under sec. 32.06(10).

Good reason exists for the absence of an answer in a sec. 32.06(10), Stats., appeal. The function of an answer is to join and therefore identify the issues to be tried.

29

The issues in a sec. 32.06(10) appeal are identified by the statute itself, which provides that "the *only* issues to be tried shall be questions of title, if any, as provided by ss. 32.11 and 32.12 and the amount of just compensation to be tried by condemnor, . . ." (emphasis added). An answer identifying those issues would be superfluous. An answer adding other issues would exceed the statutory scope of the appeal.

Because no "pleadings" are contemplated or indeed permitted under sec. 32.06(10), Stats., and no motion was filed by the condemnor, sec. 805.04(1), Stats., does not apply. The trial court properly voided the condemnee's attempted notice of dismissal.