Joanne HILLER, Petitioner-Appellant,†

v.

ADAMS COUNTY, WISCONSIN, a corporate body of
the State of Wisconsin, Adams County Department of
Health & Social Services and The Adams County
Health & Social Services Board, Respondents-
Respondents.

Court of Appeals

*No. 91-0622. Submitted on briefs November 6, 1991.—Decided
January 30, 1992.*

(Also reported in 480 N.W.2d 563.)

†Petition to review denied.

For the petitioner-appellant the cause was submitted on the briefs of *Thomas W. Scott* of *Legal Services of Northeastern Wisconsin, Inc.,* of Oshkosh.

For the respondents-respondents the cause was submitted on the brief of *John E. Thiel* of *Godfrey & Kahn, S.C.,* of Oshkosh.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

EICH, C.J. Joanne Hiller appeals from an order affirming a decision of the Adams County Social Services Board which denied her application for general relief in order to meet recently-incurred extraordinary medical expenses.

The issue is whether the guidelines adopted by the county to determine eligibility for general relief—which are based on an applicant's income—are invalid because, as applied to the facts of this case, they fail to require consideration of Hiller's undisputed need for medical

care. We conclude that the guidelines are valid and affirm the order.

The facts are not in dispute and may be briefly stated. Hiller, an unmarried, employed adult living in Adams County, developed a medical problem that involved expensive testing and a course of extensive and expensive treatment. During a three-month period in early 1989, she incurred expenses of approximately $32,000.

Hiller applied to Adams County for general relief for the sole purpose of assisting in the payment of these medical expenses. At the time of her application she was earning $506.34 ($422.26 net) per month. The county Department of Health and Social Services denied the application because Hiller's income exceeded the county's general relief medical benefit eligibility guideline of $298 per month. The board sustained the denial for the same reason and Hiller sought *certiorari* review in circuit court.

Hiller argued to the circuit court that it was error to deny her application based solely on the county's income guidelines because it ignored her "level of need"—that is, the $32,000 in medical expenses she had accumulated in the preceding months. The court affirmed the board's decision, holding that adoption of the income standard was within the authority delegated to the county by sec. 49.02(9), Stats.,[1] and that no assessment of need is required. It is an issue of law, which we decide independently, owing no deference to the trial court's decision.

---

[1]Section 49.02(9), Stats., provides in pertinent part that:

[a]ny county may limit its liability for medical . . . care furnished as general relief . . . by adopting income and resource limitations . . ..

*Ball v. Dist. No. 4, Area Bd.*, 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984).

Hiller expands upon the argument here, and she begins by referring to two statutes. First, she turns to the provisions in sec. 49.02(1m), Stats., stating that "[e]very county *shall* furnish general relief to all eligible dependent persons within the county." (Emphasis added.) She then looks to the definition of "dependent person" in secs. 49.01(2) and (5m) as "an individual without the presently available money, income, property, or credit . . . sufficient to provide . . . food, housing, clothing, fuel, light, water, medicine, medical, dental and surgical treatment (including hospital care) . . .." From this language, Hiller draws the following syllogism: because eligible dependent persons are entitled to general relief; and because a person without funds to provide medical treatment—that is, a person whose medical "needs" are not being met—is within the definition of "dependent persons," it follows that an applicant's "level of need" for medical treatment must be considered to determine whether he or she meets that definition and is thus entitled to the relief sought. As a result, Hiller asserts that an applicant's "level of need" *must* be considered on an equal basis with his or her finances and assets in determining eligibility for medical payments through general relief, and that rejection of her application solely on the basis that her income exceeded the cutoff level was improper and illegal.

Beyond that, Hiller contends that the supreme court's decision in *State ex rel. Sell v. Milwaukee County*, 65 Wis. 2d 219, 222 N.W.2d 592 (1974), controls and mandates reversal. The *Sell* court invalidated a Milwaukee County regulation requiring general relief applicants to dispose of automobiles as a condition of receiving assistance. The court held that, "rather than

factually determining the value of all of the plaintiffs' assets and the level of plaintiffs' need," the department's regulation mandated denial of relief "solely because of plaintiffs' automobile ownership." *Id.* at 225, 222 N.W.2d at 595. According to *Sell,* the applicants were entitled to relief despite their automobile ownership "if their level of need exceeded the value of their assets." *Id.* Thus, the regulation was ruled invalid as "inconsistent with the statute which does not require relief recipients to have no assets whatsoever; rather it only requires the value of the assets to be insufficient to cover the recipient's need." *Id.*

We agree with the county that *Sell* is inapposite. First, the case did not involve a request for non-emergency medical payments as general relief, as is the situation here. Second, the statute at issue in this case, sec. 49.02(9), Stats., was enacted after *Sell* was decided and it was designed to apply specifically to requests for non-emergency medical care as general relief. Given those distinctions, we see *Sell* as being of little value to the disposition of this appeal.

As to Hiller's statutory argument, sec. 49.02(9), Stats., authorizes counties to "limit [their] liability for medical . . . care furnished as general relief . . . by adopting income and resource limitations which are not more restrictive than those set forth under s. 49.06." And that is just what Adams County has done. It has adopted an income limitation in order to limit its general relief medical care liability, as the statute authorizes it to do. The only question, then, is whether the limitation adopted is more restrictive than permitted by sec. 49.06; and it is not.

Section 49.06(1), Stats., sets limits on the type and value of a general relief applicant's assets, and the

amount of his or her income which may be included in determining eligibility for relief and, if eligible, in computing the amount of the benefit. It does so by exempting the following assets from the definition of "money, income, property or credit . . . for purposes of determining status as an eligible dependent person or the amount of general relief benefit due:" an insurance policy with a cash or loan value of $300 or less; a vehicle with an equity value of $1,500 or less; and homestead tax credits, food stamps and low-income energy assistance benefits. It also exempts from the calculation "[e]xpenses constituting up to 18% of the applicant's gross earned income or $40 per month, whichever is lower, reasonably related to the performance of work . . .." Adams County's $298-per-month income limitation is not more restrictive than the exclusions under sec. 49.06, Stats., and thus is authorized by sec. 49.02(9).

And we see nothing in that statute—or in any other statute material to this appeal—to support Hiller's argument that the standards applicable to evaluation of applications for medical assistance under sec. 49.47 have been incorporated into sec. 49.02(9). Indeed, we believe sec. 49.02(9) is plain and unambiguous in authorizing counties to adopt income standards designed to limit their liability for payment of medical expenses as general relief as long as certain conditions are met. Where, as here, the governing statute is plain on its face, our task is to apply it, not to interpret it into something it is not. Section 49.02(9), Stats., is a law dealing specifically with the type of relief Hiller has requested, and Adams County has exercised the authority granted it by that law to limit its liability for that type of assistance.

We realize the result seems harsh in this instance. We also realize that given the blanket authority granted

by sec. 49.02(9), Stats., other counties may impose limitations on their liability for medical assistance as general relief which might work similar hardships in individual cases. But the statute represents the policy of the State of Wisconsin expressed by its legislature, and many of Hiller's arguments are best directed to that branch of government rather than this one.

*By the Court.*—Order affirmed.

SUNDBY, J. *(dissenting).* This appeal presents an important question in the administration of general relief by counties: Does sec. 49.02(9), Stats., permit a county to deny general relief-medical benefits to a person whose income exceeds a determined level, without considering that person's need for medical relief? I conclude that it does not and therefore respectfully dissent.

Section 49.02(9), Stats., provides:

> Any county may limit its liability for medical or dental care furnished as general relief, including emergency care provided under sub. (5), by adopting income and resource limitations which are not more restrictive than those set forth under s. 49.06. This limitation applies only to medical or dental care furnished as general relief on or after the date the county acts to limit its liability.

Pursuant to this section, Adams County has provided that general relief will not be used to pay medical expenses of a person whose anticipated annual income exceeds a level determined by family size. In this case, for a single person, the eligibility level is anticipated annual income of $3,576 or $298 per month. JoAnne Hiller's anticipated income exceeds that level. She contends that the county erroneously denied her medical relief by relying solely upon the income-eligibility stan-

dard without considering her need for medical relief. The county responds that sec. 49.02(9), Stats., authorizes the county to limit general relief-medical benefits to persons whose income does not exceed a determined level, without regard for the person's need for medical relief. The circuit court agreed, concluding: "To require a separate need analysis in conjunction with sec. 49.02(9), Stats., is to render the statute meaningless . . .." Here, the majority concludes that sec. 49.02(9) is "plain and unambiguous," and permits a county to establish a maximum income-eligibility requirement for persons seeking medical relief, regardless of need. I do not find sec. 49.02(9) "plain and unambiguous." As construed by the county, sec. 49.02(9) repeals other provisions of ch. 49. "Repeals by implication are not favored and thus it is the duty of the court, if possible, to construe [two statutes *in pari materia*] so that both shall be operative." *State v. Klein,* 25 Wis. 2d 394, 404, 130 N.W.2d 816, 822 (1964) (citations omitted). The provisions of ch. 49 relating to public assistance are *in pari materia* and must be construed together. *Id.*

Section 49.02(1m), Stats., provides: "Every county shall furnish general relief to all eligible dependent persons within the county . . .." Section 49.01(2) defines a "dependent person" to mean "an individual without the presently available money, income, property or credit, or other means . . . sufficient to provide the necessary commodities and services specified in sub. (5m)." Section 49.01(5m), Stats., defines "general relief" to mean "such services, commodities or money as are reasonable and necessary under the circumstances to provide . . . medical, dental, and surgical treatment . . .." The last sentence of sec. 49.01(5m) provides: "The general relief furnished, whether by money or otherwise, shall be at such times and in such amounts, as will in the discretion

of the general relief official or agency meet the needs of the recipient and protect the public."

Did the legislature in sec. 49.02(9), Stats., intend to repeal the requirement that the general relief official or agency determine whether medical relief furnished will meet the needs of the recipient and protect the public? I conclude that it did not.

Section 49.02(9), Stats., as construed by the county, would permit it to virtually eliminate its responsibility to provide medical relief to dependent persons. The county has set the income-eligibility limitation for one person at an anticipated annual income of $3,576. Because under its construction of the statute the county need not consider need, there is no reason why the county could not set the eligibility limit at a figure which would eliminate virtually all dependent persons. This is an unreasonable construction of sec. 49.02(9) and we must reject it. *Dickie v. City of Tomah,* 160 Wis. 2d 20, 25, 465 N.W.2d 262, 264 (Ct. App. 1990) (citing *Maxey v. Racine Redevelopment Authority,* 120 Wis. 2d 13, 20, 353 N.W.2d 812, 816 (Ct. App. 1984)).

Plainly, however, the legislature did not intend to do an inutile act when it enacted sec. 49.02(9), Stats. The guiding principle of statutory construction is to determine the intent of the legislature. *State v. Vonesh,* 135 Wis. 2d 477, 482, 401 N.W.2d 170, 173 (Ct. App. 1986). When a statute is ambiguous, a reviewing court may resort to extrinsic aids to determine legislative intent. *Id.* at 483, 401 N.W.2d at 173. "One of the most valuable extrinsic aids of judicial construction is legislative history." *Id.* (quoting *Milwaukee Co. v. LIRC,* 113 Wis. 2d 199, 204, 335 N.W.2d 412, 415 (Ct. App. 1983)).

Section 49.02(9), Stats., was created by sec. 1011, 1983 Wis. Act 27 [1983 Senate Bill 83] to read:

Any municipality or county may limit its liability for medical or dental care furnished as general relief, including emergency care provided under sub. (5), by adopting income and resource limitations. This limitation applies only to medical or dental care furnished as general relief on or after the date the municipality or county acts to limit its liability.

1983 Senate Bill 83 was the executive budget bill. The bill made extensive statutory changes to the medical assistance and general relief standards. The Legislative Reference Bureau's analysis of the bill includes the following:

This bill requires that general relief-administering agencies establish written criteria for determining eligibility for benefits and establish written standards of need to be used to determine the type and amount of relief to be furnished . . .. The bill also enables a relief agency to establish standards to determine what is reasonable care for the purpose of reimbursement and to establish resource and income limitations for eligibility for medical care *similar to those used for medical assistance.* [Emphasis added.]

The resource and income limitations for eligibility of medically indigent persons for medical assistance affected by 1983 Wis. Act 27 were contained in sec. 49.47(4), Stats. Paragraph (b) established resource limitations and para. (c) established income limitations. Paragraph (c)2 provided:

Whenever an applicant has excess income, no certification [of eligibility] shall be issued until such time as the excess income above the applicable limits has been expended for medical care or for any other type of remedial care recognized under state law or

for personal health insurance premiums or both.[1]

Paragraph (c)2 of sec. 49.47(4), Stats., is the so-called "spend-down" provision under which an applicant is not automatically ineligible for medical assistance if he or she has income in excess of the eligibility standard. The spend-down provision simply requires that the applicant spend excess income for medical care before becoming eligible for assistance.

I conclude that when the legislature enacted sec. 49.02(9), Stats., it intended to allow counties to adopt resource and income limitations *similar in kind* to those contained in sec. 49.47(4), Stats. In the 1985 legislative session, however, the legislature enacted income and resource limitations specifically applicable to general relief. The legislature repealed and recreated sec. 49.06, Stats., to expand the general relief resource and asset limitations contained therein.[2] Section 989, 1985 Wis. Act 29. In the same act, the legislature amended the first sentence of sec. 49.02(9), Stats., to read:

> Any municipality or county may limit its liability for medical or dental care furnished as general relief, including emergency care provided under sub. (5), by adopting income and resource limitations *which are not more restrictive than those set forth under s. 49.06.* [Emphasized language added by amendment.]

Section 962, 1985 Wis Act 29.

The majority concludes that Adams County's $298-per-month income limitation is not more restrictive

---

[1]Section 49.47(4)(c)2, Stats., has been amended in respects not material to the issue before us.

[2]Prior to the 1985 repeal and recreation, sec. 49.06, Stats. (1983–84) exempted home equity, and life insurance having a value of $300.

than the limitations set forth in sec. 49.06, Stats; however, it does not explain its conclusion. The only reasonable construction of sec. 49.02(9), Stats., which also gives effect to sec. 49.06 is that the income and resource limitations permitted under sec. 49.02(9) are *similar in kind* to the income and resource limitations contained in sec. 49.06, e.g., insurance with a value of not more than $300, a $1500 vehicle, homestead credit, energy assistance and food stamp benefits, and work-related expenses. Adams County's anticipated annual income limitations are not *similar in kind* to the income and resource limitations contained in sec. 49.06 and, in any event, are plainly more restrictive than those contained therein. If sec. 49.02(9) does authorize an income-eligibility limitation similar to sec. 49.47(4)(c), Stats., the limitation must contain a need-related safety valve similar to the medical assistance "spend-down" provision.

I would reverse and remand to the circuit court with directions that it order the county department to determine Hiller's eligibility for medical relief under secs. 49.01(2), (5m), 49.02(1m) and 49.06, Stats.