**Dean A. DICKIE, Plaintiff,**

v.

**The CITY OF TOMAH, Defendant.**

**No. 92–C–89–S.**

United States District Court,
W.D. Wisconsin.

May 20, 1992.

William K. Blanchard, Pope & John, Chicago, IL, for plaintiff.

Steven C. Underwood, Stolper, Koritzinsky, Brewster & Neider, Madison, WI, for defendant.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

Plaintiff Dean A. Dickie commenced this action to recover attorney's fees and interest from the defendant City of Tomah pursuant to Wisconsin eminent domain statutes. Jurisdiction is alleged under 28 U.S.C. § 1332. The matter now comes before the Court on defendant's motion to dismiss for failure to state a claim or for lack of subject matter jurisdiction. In the alternative, defendant moves the Court to abstain from exercising jurisdiction on the basis of federal state comity.

The following is a summary of the relevant factual allegations and background.

Plaintiff is an Illinois resident who owned certain land located within the defendant City of Tomah. On June 14, 1988 defendant made a jurisdictional offer to the plaintiff pursuant to Wis.Stat. § 32.06(3) offering to purchase plaintiff's property for $9,000. Plaintiff rejected defendant's offer and, pursuant to Wis.Stat. § 32.06(7), defendant filed a petition for condemnation proceedings in the Circuit Court for Monroe County, Wisconsin. The Circuit Court, also acting pursuant to § 32.06(7), assigned the matter to the chairman of the county condemnation commissioners for a hearing pursuant to § 32.08.

On June 27, 1989, a hearing was held before the Condemnation Commission for Monroe County and on July 3, 1989 the Commission awarded to the plaintiff $130,000 for the taking of his property.

Plaintiff appealed this award pursuant to § 32.06(10), but subsequently dismissed the appeal.

Plaintiff then brought this action seeking to recover his attorney's fees in the condemnation proceeding pursuant to § 32.28, Wis. Stat., which provides in relevant part:

Costs. (1) In this section, "litigation expenses" means the sum of the costs, disbursements and expenses, including reasonable attorney, appraisal and engineering fees, necessary to prepare for or participate in actual or anticipated proceedings before the Condemnation Commissioners, Board of Assessment, or any court under this chapter.

(2) Except as provided in sub. (3), costs shall be allowed under ch. 814 in any action under this chapter. If the amount of just compensation found by the court or Commissioners of Condemnation exceeds the jurisdictional offer or highest written offer prior to the jurisdictional offer, condemnee shall be deemed successful party under s. 814.02(2).

(3) In lieu of costs under ch. 814, the court shall award litigation expenses to the condemnee if:

\* \* \* \* \* \*

(d) The award of the Condemnation Commission under s. 32.05(9) or 32.06(8) exceeds the jurisdictional offer or the highest written offer prior to the jurisdictional offer by at least $700 and at least 15 percent and neither party appeals the award to the circuit court ...

Plaintiff also seeks to recover additional interest pursuant to § 32.06(9), Wis.Stat.

The Court finds after reviewing the provisions of the Wisconsin Condemnation Statute that no independent cause of action exists for the recovery of attorney's fees and interest and defendant's motion to dismiss must be granted.

The principal issue before the Court is whether § 32.28, Wis.Stat., creates an independent cause of action for the recovery of attorney's fees, or whether it merely creates a remedy available within the context of a condemnation proceeding. The following excerpt from § 32.28 implies that attorney's fees will be pursued within the condemnation action in the same manner that costs would be pursued.

(2) Except as provided in sub (3), costs shall be allowed under ch. 814 in any action brought under this chapter....

(3) In lieu of costs under ch. 814, the court shall award litigation expenses....

The structure of the statute implies that litigation expenses must be pursued in the condemnation action and not as a separate action.

The Wisconsin Supreme Court's discussion of § 32.28 reaffirms this reading. The Court in *In Re Condemnation by Redevelopment Authority*, 120 Wis.2d 402, 412, 355 N.W.2d 240 (1984), noted, "[i]n other words, the purpose behind the statute is to make the owner 'whole,' to compensate the owner for the value of the property taken, and for attorney's fees incurred in attempting to obtain the value." (*quoting Standard Theaters v. Department of Transportation*, 118 Wis.2d 730, 744, 349 N.W.2d 661 (1984). Since the award of litigation expenses is viewed as a component of an owner's just compensation, it follows that it cannot be pursued as an independent action. Also consistent with this interpretation the condemnee in *Standard Theaters* pursued litigation expenses by motion before the trial court after dismissal of a § 32.05(10) appeal. 118 Wis.2d at 735, 349 N.W.2d 661.

Plaintiff asserts that an independent cause of action must be contemplated by the statute in cases where the award is made by the Condemnation Commission but no appeal is taken because in such cases the trial court never had jurisdiction over the matter. This argument misreads the eminent domain statutes. Section 32.06(7), under which defendant filed its petition, provides that the petition is subject to a hearing by a circuit court judge who, "immediately shall assign the matter to the Chairman of the County Condemnation Commissioners for hearing under §. 32.08." Similarly, § 32.08(5) which authorizes the Commissioner to proceed provides, "[i]f the petitioner under § 32.06 is entitled to condemn the property or any portion of it or interest therein, the circuit judge having jurisdiction of the petition, ... shall assign the matter to the Chairman of the County Condemnation Commissioners ..." Accordingly, although the circuit court may not have had substantial proceedings before it, it clearly has jurisdiction over the proceedings. Under all the circumstances it seems apparent that the reference to "the court" in § 32.28(3) is a reference to the circuit court having jurisdiction over the proceeding.

Although the Wisconsin Supreme Court has not directly addressed the issue of the availability of an independent action for recovery of attorney's fees under § 32.08, it has addressed the availability of an independent action for attorney's fees under § 767.262, Wis.Stat., in the context of attorney's fees incurred in a divorce proceeding. In *O'Connor v. O'Connor*, 48 Wis.2d 535, 538, 180 N.W.2d 735 (1970), the Supreme Court noted:

> In Wisconsin, as distinguished from some states, a request for an allowance for attorney's fees by a wife in a divorce action is not an independent suit on the theory of necessities furnished to a wife. It has long been held in the state, the enforcement of the duty of the husband to contribute to the wife's costs of maintaining or defending a divorce action, including attorney's fees, is incidental to that action.

By analogy it seems clear that the Wisconsin Supreme Court would find that the recovery of attorney's fees as a part of just compensation to persons subject to government taking would likewise be incidental to the condemnation action.

By further analogy federal courts applying the attorney's fees enabling provisions of 42 U.S.C. § 1988 have uniformly held that such a provision authorizing the recovery of attorney's fees does not create an independent right of action. *Horacek v. Thone*, 710 F.2d 496, 499 (8th Cir.1983). Courts have recognized that § 1988 merely authorizes an additional remedy concerning a substantive claim under one of the applicable statutes.

This plaintiff must pursue his recovery of attorney's fees pursuant to a motion before the state court having jurisdiction over the condemnation proceeding. It is equally apparent that interest which may be available as part of the condemnation award pursuant to 32.06(9)(b) is a recovery which must be pursued in the condemnation action and cannot be pursued as an independent cause of action.

## ORDER

IT IS ORDERED that defendant's motion to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, is GRANTED.

IT IS FURTHER ORDERED that plaintiff's complaint is DISMISSED without prejudice.