**Dean A. DICKIE, Plaintiff–Appellant,**

v.

**CITY OF TOMAH, Defendant–Appellee.**

No. 92–2446.

United States Court of Appeals,
Seventh Circuit.

Argued May 10, 1993.

Decided July 15, 1993.

William K. Blanchard (argued), Pope & John, Chicago, IL, Dan Arndt, Arndt, Buswell & Thorn, Sparta, WI, for plaintiff-appellant.

Dean A. Dickie, pro se.

Steven C. Underwood, Michael S. Heffernan, Joseph R. Long, II (argued), Stolper, Koritzinsky, Brewster & Neider, Linda D. Taplick, Madison, WI, for defendant-appellee.

Before POSNER and FLAUM, Circuit Judges, and WILL, Senior District Judge.*

POSNER, Circuit Judge.

Dean Dickie appeals from the dismissal of his suit to recover the litigation expenses that he incurred in obtaining a condemnation award from the City of Tomah, Wisconsin. 826 F.Supp. 1189 (W.D.Wis.1992). The appeal raises intricate issues of federal jurisdiction.

Dickie owned 27 acres of land in Tomah. The city wanted to acquire the land, and, after negotiations for a voluntary sale fell through, decided to condemn it. As required by Wisconsin's condemnation statute, the city first made a formal offer for the property—what is called a "jurisdictional offer." Wis. Stat. § 32.06(3); see also § 32.05(3). The offer was for $9,000. Dickie rejected it, clearing the way for the city to file in the circuit court of the county a petition to condemn. § 32.06(7). Upon the filing of the petition, the judge, if he finds that the condemnor is entitled to condemn the property or any part of it, "immediately shall assign the matter to the chairman of the county condemnation commissioners for a hearing" to determine the property's fair market value. *Id.;* see also § 32.08(5). This was done, and the commission held a hearing and determined that the fair market value of Dickie's property was $130,000. Either party to the condemnation proceeding can appeal the commission's determination to the circuit court. § 32.06(10). Although the city did not appeal, Dickie, dissatisfied with the valuation the commission had placed on his property, did. But he voluntarily dismissed the appeal before any proceedings in the circuit court, and his right to do so was upheld over the city's objection in *Dickie v. City of Tomah,* 160 Wis.2d 20, 465 N.W.2d 262 (App. 1990).

The Wisconsin condemnation statute directs "the court" to award litigation expenses to the condemnee if the award of compensation by the condemnation commission exceeds the jurisdictional offer by a stated margin, and this one did. Wis.Stat. § 32.-28(3). The statute does not specify "the court" that is to award these expenses; and in a case in which the condemnee does not question the condemnor's power to condemn and neither party appeals to the circuit court, there really is no court involved in the condemnation itself, the circuit court's reference to the commission for a valuation being in such a case a ministerial act. Indeed, the Wisconsin courts deem it an administrative rather than a judicial act. *Schroedel Corp. v. State Highway Commission,* 34 Wis.2d 32, 148 N.W.2d 691, 694 (1967); see also *Village of Shorewood v. Steinberg,* 174 Wis.2d 191, 496 N.W.2d 57, 60 (1993). Believing that section 32.28(3) had therefore created an independent cause of action for litigation expenses in a condemnation proceeding, and the diversity and amount-in-controversy requirements of federal diversity jurisdiction being satisfied, 28 U.S.C. § 1332, Dickie brought this suit in federal district court to recover his litigation expenses, which he claimed were in excess of $54,000. The district court dismissed the suit on the ground that the Wisconsin statute does not create an independent cause of action for litigation expenses, and suggested that Dickie ask the Wisconsin circuit court for his expenses—which he promptly did. The Wisconsin courts have held, most recently in the *Steinberg* case, that when no appeal is taken from a condemnation award the circuit judge that referred the matter to the condemnation commission may on motion of the condemnee award him his litigation expenses. Whether this is the only judge to whom the statutory term "the court" should be taken to refer in the case of an unappealed case is undecided, although language in *Steinberg* suggests an affirmative answer. 496 N.W.2d at 61–62. The court disparaged the suggestion that the condemnee "start a new action and pay a filing fee" in order to obtain his litigation expenses as "needlessly inefficient and unreasonable." *Id.* at 61.

* Hon. Hubert L. Will of the Northern District of Illinois, sitting by designation.

While the appeal to our court from the district court's dismissal of Dickie's suit was pending, the Wisconsin circuit court denied most of his request for litigation expenses, on the ground that the statute does not contemplate an award of litigation expenses to a condemnee who proceeded pro se before the condemnation commission, as Dickie (a lawyer) did. Dickie has appealed the denial of his motion to the Wisconsin appellate court, which however has stayed the consideration of his appeal pending our decision.

The diversity jurisdiction enables some lawsuits founded on state law to' be maintained in federal court, but only, of course, if state law creates a cause of action. If, properly interpreted, all the Wisconsin statute does is entitle a condemnee to an additional remedy in the condemnation action itself, Dickie can no more obtain that remedy in another action than he could maintain a separate suit for costs under a statute which provided that the court would tax costs to the party prevailing in a suit before it. *North Carolina Dept. of Transportation v. Crest Street Community Council, Inc.*, 479 U.S. 6, 12–14, 107 S.Ct. 336, 340–41, 93 L.Ed.2d 188 (1986); *Horacek v. Thone*, 710 F.2d 496, 499–500 (8th Cir.1983); *O'Connor v. O'Connor*, 48 Wis.2d 535, 180 N.W.2d 735, 737 (1970); *Rural Fire Protection Co. v. Hepp*, 366 F.2d 355, 362 (9th Cir.1966). The same conclusion is implied by the doctrine of res judicata, which bars the splitting of a cause of action into two or more cases. *U.S. Industries, Inc. v. Blake Construction Co.*, 765 F.2d 195, 203–.10 (D.C.Cir.1985). ' All this is provided, however, that the court or other tribunal in which the main suit is pending has authority to award costs or (as here) litigation. expenses that include attorneys' fees. If not, a statute entitling the litigant to his expenses is plausibly regarded as the basis for an independent action, as there is no other way for the litigant to enforce his rights under the statute. *Eggers v. Bullitt County School District*, 854 F.2d 892 (6th Cir.1988); *Duane M. v. Orleans Parish School Board*, 861 F.2d 115 (5th Cir.1988).

■ We are not authorized to decide whether Wisconsin's statute on the recovery of litigation expenses in condemnation proceedings does or does not create an independent cause of action, however, unless the court in which the statutory remedy is being sought, here the federal district court, has jurisdiction over the case. If Dickie had moved first for his litigation expenses in the Wisconsin circuit court, and only after his motion was denied had filed suit in federal district court, federal jurisdiction would have been barred by the *Rooker–Feldman* doctrine. *Ritter v. Ross*, 992 F.2d 750, 752–55 (7th Cir.1993). For he would in effect have been asking the federal district court to overturn the decision of the Wisconsin circuit court, and the U.S. Supreme Court is the only federal court that' has jurisdiction to review state court decisions, except by way of habeas corpus. *Buckley v. Illinois Judicial Inquiry Board*, 997 F.2d 224, 227 (7th Cir. 1993). But when separate cases proceed in parallel in state and federal court, a state court judgment is conclusive on the federal court only by operation of res judicata, 17A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4247 at p. 124 (1988), not invoked by the City of Tomah. Whether it could be invoked here would depend on whether under Wisconsin law a judgment which has become final in the trial court but the appeal from which is pending in the appellate court has res judicata effect. The dominant though not universal rule is that it does. 18 Wright, Miller & Cooper, *supra*, § 4433, at pp. 308–15 (1981); *Restatement (Second) of Judgments* § 13, comment f, at p. 135 (1980); *Kurek v. Pleasure Driveway & Park District*, 557 F.2d 580, 595 (7th Cir. 1977), vacated on other grounds, 435 U.S. 992, 98 S.Ct. 1642, 56 L.Ed.2d 81 (1978); *Martin v. Malhoyt*, 830 F.2d 237, 264–65 (D.C.Cir.1987). There is no published Wisconsin state court decision on the question, but in light of the city's waiver we need not attempt to resolve it.

If as Dickie argues the Wisconsin statute creates a separate cause of action for litigation expenses in condemnation matters, the federal district court had jurisdiction even though he could have sought the identical relief from the state court, as he later did. The district judge could not have forced him to go to the state court instead; diversity

jurisdiction is not discretionary. Once he did go to state court, the federal district court might have abstained from exercising further jurisdiction over the case, under the doctrine of parallel-case abstention, *Locke v. Bonello*, 965 F.2d 534, 537 (7th Cir.1992); *Evans Transportation Co. v. Scullin Steel Co.*, 693 F.2d 715 (7th Cir.1982); *Rivera–Puig v. Garcia–Rosario*, 983 F.2d 311, 320–21 (1st Cir. 1992)—but Dickie did not go to the state court until the district judge had terminated the case on the merits. It would make no sense for us to abstain now. The state appellate court has stayed the proceedings before it pending our decision. Our abstaining would produce a standoff.

■ Although we do not think that this is a case for abstention, we also do not think that it would be sensible to read the Wisconsin statute as creating a separate cause of action for litigation expenses, thus allowing the fees dispute to be litigated in federal court even though the dispute giving rise to the request for fees was brought, and remained, in state court. The standard practice in the United States is for the court that has jurisdiction over a suit to decide whether the prevailing party is entitled to an award of attorney's fees under a statute or common law practice authorizing such an award, provided as we said earlier that the statute or common law rule authorizes that court to make the award—if not, the litigant would have a right without a remedy. The reasons of economy, expertise, and convenience that justify this practice are too obvious to require elaboration. The situation created by the Wisconsin condemnation law is unusual because the judicial involvement in cases under that law is often (and was here) minimal, yet the actual tribunal—a local board of part timers no more than one third of whom may be attorneys, Wis.Stat. §§ 32.08(1), (4)—lacks the expertise to evaluate a request for an award of attorney's fees. Still, the court that refers condemnation matters to the board and considers appeals from it can assess such a request more quickly and expertly than a court in another county. An additional consideration is that the commissioners are appointed by the circuit judges of the county, § 32.08(2), who therefore know them and know what sort of forensic efforts are necessary to persuade them to make a favorable award. We conclude, consistent with the dictum in the *Steinberg* decision, that a request for attorney's fees in such a case is an ancillary rather than an independent proceeding. The argument for so concluding would be even stronger if the referring judge and the appeal judge were always the same, or if the circuit court were a specialized condemnation tribunal rather than a court of general jurisdiction. But it is strong enough as is. The referring or appeal judge knows more about the case and about the commissioners than the judges of any other court, and irrespective of considerations of superior expertise it is undesirable to make two cases, litigable not only in different courts but in the courts of different sovereigns (the state and the nation), out of one—a merits case and a fees case.

So far we are at one with the district judge in believing that the statute does not authorize a separate proceeding to recover litigation expenses, that it is all part of the same condemnation proceeding. But we cannot stop here, for we must consider whether our conclusion has jurisdictional implications. A separate doctrine of federal abstention, the *Burford* doctrine, requires federal district courts to decline to exercise federal jurisdiction over certain types of case confided by state law to state administrative agencies. *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943); *Alabama Public Service Comm'n v. Southern Ry.*, 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002 (1951); *Property & Casualty Ins. Ltd. v. Central National Ins. Co.*, 936 F.2d 319 (7th Cir. 1991). If that doctrine, the boundaries of which are indistinct, is applicable here, the district court was required to relinquish jurisdiction over Dickie's claim and therefore could not decide whether he had an independent cause of action. The applicability of the doctrine to condemnation is uncertain in light of two Supreme Court decisions, rendered the same day, reaching opposite conclusions. *Louisiana Power & Light Co. v. Thibodaux*, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959) (abstention); *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 79 S.Ct. 1060, 3 L.Ed.2d 1163 (1959) (no abstention);

see 17A Wright, Miller & Cooper, *supra*, § 4241 at pp. 13–18 (1988). Even *Thibodaux*, however, would not support abstention in this case, for the Court upheld a stay of the federal case to permit the determination by the state court of a difficult issue of state law, and here we have a routine condemnation case. Nor is this a case, like *Burford* itself, where the state has established a specialized tribunal, for which a federal district court would not be a close substitute, to decide a particular type of case. We have not forgotten that the Wisconsin condemnation statute provides for reference to condemnation commissioners, but a federal district court can make that reference as well as a state court can. Fed.R.Civ.P. 71A(k) expressly authorizes such a reference in a condemnation case in which the authority to condemn is given by state law.

We believe therefore that when the City of Tomah commenced the condemnation proceeding by filing a petition for condemnation in the Wisconsin circuit court, Dickie could have removed the case to federal district court under the diversity jurisdiction. But as the recovery of litigation expenses is a remedy in the condemnation proceeding rather than a right upon which an independent suit can be founded, Dickie's attempt to recover those expenses must remain in the state court system because he did not attempt to remove the underlying condemnation proceeding to the federal district court. The judgment dismissing the suit for failure to state a claim is therefore

AFFIRMED.