STANDARD THEATRES, INC., Plaintiff-Respondent,

v.

State of Wisconsin, DEPARTMENT OF TRANSPORTATION, Division of Highways, Defendant-Appellant.

Court of Appeals

*No. 82–1387. Submitted on briefs March 14, 1983.—*
*Decided April 26, 1983.*
(Also reported in 334 N.W.2d 281.)

For the appellant the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, and *Donald W. Smith,* assistant attorney general.

For the respondent the cause was submitted on the brief of *Foley & Lardner* and *Eugene C. Daly* of Milwaukee.

Before Foley, P.J., Dean and Cane, JJ.

FOLEY, P.J.   The state appeals a judgment awarding litigation expenses to Standard Theatres, Inc., in a condemnation proceeding.   Because the court awarded more attorney fees than were reasonably necessary to allow Standard to prepare for and participate in the commission and court proceedings, we reverse the judgment.   Because Standard could have obtained reasonable representation for $11,208.87, we remand this matter to the circuit court with directions to enter judgment for this amount.

Standard owned property in Vilas County in Northern Wisconsin.   The state condemned a small portion of the property and offered to pay $36,000 for it.   Because

Standard wanted more money for the property, it asked for a determination of value by county condemnation commissioners. *See* sec. 32.05(9), Stats. The commissioners determined that the value of the condemned property was $55,000. The state appealed the commissioner's award to the circuit court. *See* sec. 32.05(10), Stats. The state lost its appeal, and the circuit court awarded Standard over $33,000 for its litigation expenses. *See* sec. 32.28, Stats.

We independently determine the reasonableness and necessity of Standard's litigation expenses. *See Estate of Tierney*, 70 Wis. 2d 438, 443, 234 N.W.2d 357, 359 (1975) ; *Sommer v. Carr*, 95 Wis. 2d 651, 654 n. 1, 291 N.W.2d 301, 302 n. 1 (Ct. App. 1980), *revd on other grounds*, 99 Wis. 2d 789, 299 N.W.2d 856 (1981). Standard has the burden of proof. *See In re Disciplinary Proceedings Against Marine*, 82 Wis. 2d 602, 607, 264 N.W.2d 285, 287 (1978). Standard is entitled to recover costs and "reasonable attorney . . . fees necessary to prepare for or participate in actual or anticipated proceedings before the condemnation commissioners . . . or any court . . . ." Section 32.28, Stats. Supreme Court Rule 20.12 (1982) lists factors to be considered in determining the reasonableness of attorney fees. *See also Herro, McAndrews & Porter, S.C. v. Gerhardt*, 62 Wis. 2d 179, 184, 214 N.W.2d 401, 404 (1974).

From our review of the record, we are satisfied that it was not necessary for Standard to incur litigation expenses of over $33,000 for reasonable representation in these proceedings. Standard's attorneys charged $100 to $150 per hour. Based on the state's undisputed submissions, Standard could have found competent representation in northern Wisconsin for $75 per hour or less. We do not read sec. 32.28 to require the state to pay for Standard's decision to seek more expensive representation.

For the same reason, we reject substantial portions of Standard's claim for its attorney's travel time from southern Wisconsin. Standard has not shown that competent local counsel was unavailable. Although Standard had the right to select counsel from Milwaukee or New York or anywhere else, it was not necessary for these proceedings.

We also reject major portions of Standard's claim for the attorney fees it incurred because of the state's appeal from the circuit court's order refusing to vacate its judgment. Although we do not have all of the information we need to determine whether the charges for circuit court work were reasonable, from reviewing the appeal record, we know about how much time it should reasonably have taken for an attorney to do the work necessary to dispose of the appeal. Although Standard filed a short memorandum in support of its motion to summarily affirm the order, we summarily affirmed the order without requiring a brief from Standard. The required attorney time was minimal.

We are also satisfied from the state's submissions that Standard could have obtained reasonable representation, including representation on appeal, for a contingent fee of forty percent of the increase in the award. This provides a reasonable fee in this case, and no greater amount should have been necessary considering the nature and complexity of the action and the work that counsel was required to do to fairly present Standard's case. Forty percent of the $19,000 increase in the award is $7,600. Because the state has not challenged the disbursements of $3,608.87, we direct the circuit court to enter judgment for $11,208.87.

*By the Court.*—Judgment reversed and cause remanded with directions.