Dean A. DICKIE, Plaintiff-Appellant-Cross Respondent,

v.

CITY OF TOMAH, a municipal corporation of the state of
Wisconsin, Defendant-Respondent-Cross Appellant.

Court of Appeals

*No. 92–3034. Oral Argument November 3, 1994.—Decided
December 29, 1994.*

(Also reported in 527 N.W.2d 697.)

455

For the plaintiff-appellant-cross respondent the cause was submitted on the brief of *William K. Blanchard* of *Pope & John, Ltd.* of Chicago, and *Daniel C. Arndt* of *Arndt, Buswell & Thorn* of Sparta. Oral argument by *William K. Blanchard*.

For the defendant-respondent-cross appellant the cause was submitted on the brief of *Robert J. Mubarak* and *Richard A. Radcliffe* of *Mubarak Law Office, S.C.,* of Tomah, and *Benjamin Southwick* of Richland Center. Oral argument by *Richard A. Radcliffe*.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

GARTZKE, P.J. Dean Dickie appeals from a circuit court order partially denying his motion for his litigation expenses under § 32.28(3), STATS., in the condemnation proceeding the City of Tomah used to acquire his land. The issue is whether Dickie, an attorney, is entitled to the fees his law firm charged for representing him in the condemnation proceeding. We conclude, as did the circuit court, that Dickie can recover his law firm's disbursements, including fees for local counsel, but not his firm's fees.

The City cross-appeals from that part of the same order refusing to dismiss Dickie's motion for his litigation expenses. The issue on the cross-appeal is whether the circuit court lost competency to award Dickie litigation expenses, because he dismissed his appeal of the condemnation commission's award to the circuit court. We hold that the circuit court was competent to make the award. We affirm the order, both on Dickie's appeal and the City's cross-appeal.

## Circuit Court's Competency to Award Litigation Expenses

We first discuss the City's cross-appeal. If the circuit court lacked competence to award litigation expenses, we need not reach the merits of Dickie's appeal.

The history of the case is undisputed. The City, as the condemnor, made a $9,000 jurisdictional offer to Dickie for the purchase of his property. Dickie rejected the offer. The City then filed a petition with the county condemnation commission for condemnation proceedings. The commission determined that the fair market value of Dickie's property was $130,000 and filed its award with the clerk of the circuit court. Dickie appealed to the circuit court from the commission's award under § 32.06(10), STATS., which governs circuit court review of commission awards by way of "appeal."

Three weeks after Dickie filed his circuit court appeal, he voluntarily dismissed it. Because the time had run for the City to file its own appeal, it moved the court to void Dickie's notice of dismissal. The circuit court granted the City's motion, and Dickie appealed the court's order to our court. We reversed the circuit court's order. *Dickie v. City of Tomah*, 160 Wis. 2d 20, 465 N.W.2d 262 (Ct. App. 1990). The supreme court denied the City's petition for review. *Dickie v. City of Tomah*, 159 Wis. 2d xlix, 468 N.W.2d 27 (1991). Dickie received payment for his property. He requested payment of his litigation expenses from the City. The City refused to pay.

After unsuccessful efforts in two federal district courts to collect his litigation expenses, Dickie moved the circuit court for an award of his litigation expenses

under § 32.28(3), STATS.[1] That statute provides in pertinent part:

> In lieu of costs under ch. 814, the court shall award litigation expenses to the condemnee if:
>
> . . . .
>
> (d) The award of the condemnation commission under s. 32.05(9) or 32.06(8) exceeds the jurisdictional offer or the highest written offer prior to the jurisdictional offer by at least $700 and at least 15% *and neither party appeals the award to the circuit court*;
>
> . . . .
>
> (f) The condemnee appeals an award of the condemnation commission which exceeds the jurisdictional offer or the highest written offer prior to the jurisdictional offer by at least $700 and at least 15%, if the *jury verdict* as approved by the court under s. 32.05(10) or 32.06(10) exceeds the award of the condemnation commission by at least $700 and at least 15%.

Section 32.28(3) (emphasis added).

The City moved to dismiss Dickie's motion for litigation expenses. It argued that because Dickie appealed the award to the circuit court under § 32.06(10), STATS., § 32.28(3)(d), STATS., cannot apply, and because Dickie appealed to the circuit court but no verdict was rendered, he having dismissed his appeal, § 32.28(3)(f) cannot apply. Therefore, the City argued, the court lacked competence to hear Dickie's motion. The circuit court denied the City's motion to dismiss. It held that Dickie is not entitled to attorney fees for his

---

[1] We see no reason to review Dickie's efforts as an Illinois resident in the federal courts. *See Dickie v. City of Tomah*, 782 F. Supp. 370 (N.D. Ill. 1991), and *Dickie v. City of Tomah*, 826 F. Supp. 1189 (W.D. Wis. 1992), *aff'd* 999 F.2d 252 (7th Cir. 1993).

self-representation, but he is entitled to his law firm's disbursements, including the fees incurred in retaining local counsel. The City renews its competency argument on cross-appeal.[2]

The issue involves statutory interpretation, a question of law. *DOR v. Milwaukee Brewers Baseball Club*, 111 Wis. 2d 571, 577, 331 N.W.2d 383, 386 (1983). We conclude that the answer lies in *Standard Theatres, Inc. v. DOT*, 118 Wis. 2d 730, 738, 349 N.W.2d 661, 667 (1984). *Standard Theatres* justifies the conclusion that Dickie retained his right to seek litigation expenses under § 32.28(3)(d), STATS. The history leading up to the supreme court's *Standard Theatres* decision is as follows. The state appealed the condemnation commission's award to the circuit court. That court dismissed the appeal. On review, we affirmed in an unpublished opinion. *Standard Theatres, Inc. v. DOT*, No. 82-1387, unpublished slip op. (Wis. Ct. App. March 31, 1982). The circuit court then awarded litigation expenses to the condemnee under § 32.28, and the state again appealed. We reduced the award and remanded to the circuit court. *Standard Theatres, Inc. v. DOT*, 113 Wis. 2d 103, 334 N.W.2d 281 (Ct. App. 1983), *rev'd*, 118 Wis. 2d 730, 349 N.W.2d 661 (1984).

Standard petitioned the supreme court for review. The court granted review. It described the issues as whether the attorney fees awarded to the condemnee by the circuit court were reasonable and necessary and whether the condemnee's choice of an attorney was reasonable. *Standard Theatres*, 118 Wis. 2d at 737, 349 N.W.2d at 666. Preliminary to its discussion of those

---

[2] It contends Dickie's only recourse is to tax costs under ch. 814, STATS.

issues, and after quoting § 32.28(3)(d) and (g), STATS., the court ruled:

> [A]lthough the state appealed the award of the condemnation commission, the case did not ever proceed to trial. Therefore, there never was a jury verdict to be approved by the court. In essence, then, the instant case is identical on the one hand to one where neither party appeals the commission's award [§ 32.28(3)(d)].

*Standard Theatres*, 118 Wis. 2d at 738, 349 N.W.2d at 667. The court reversed our decision and affirmed the circuit court's award. *Id.* at 752, 349 N.W.2d at 673.

We apply the ruling in *Standard Theatres* to the case before us. The ruling was a step in the court's reasoning to its ultimate decision to affirm the circuit court's award. It is immaterial that in *Standard Theatres* the state was the condemnor and here the City is the condemnor, and that in *Standard Theatres* the condemnor appealed but here the condemnee appealed the award to the circuit court. As in *Standard Theatres*, here the circuit court never proceeded to a verdict, and because the *Standard Theatres* court treated the litigation-expenses issue as arising under § 32.28(3)(d), STATS., so do we.

We therefore affirm the circuit court's decision that it was competent to proceed on Dickie's motion for litigation expenses.[3] We turn to the merits of his motion.

---

[3] The City also argues that because Dickie did not move for attorney fees under § 32.28(3), STATS., until after the final appellate mandate on his voluntary dismissal, he cannot recover fees under that section. Section 32.28(3) does not require that a condemnee move for fees prior to resolution of the appeal.

461

### Litigation Expenses

Dickie's motion for litigation expenses includes $49,681.25 for legal services provided by the law firm in which he is a senior trial lawyer and $4,535.53 for disbursements, including $1,800.35 for fees and disbursements to local counsel in the condemnation proceeding. The firm's statement of services and disbursements is attached to the motion. The statement shows 88.75 hours of work by Dickie, totaling $22,187.50 in fees, and 254 hours by an associate, Blanchard, totaling $25,400. The remaining service charges are for the services of paralegals, law clerks, secretaries, and librarians.

Section 32.28(1), STATS., defines "litigation expenses" as "the sum of the costs, disbursements and expenses, including reasonable attorney, appraisal and engineering fees necessary to prepare for or participate in actual or anticipated proceedings before the condemnation commissioners, board of assessment or any court under this chapter."

We agree with the circuit court that attorney fees cannot be awarded to a litigant unless an attorney/client relationship exists. That conclusion is implicit in *State ex rel. Young v. Shaw*, 165 Wis. 2d 276, 477 N.W.2d 340 (Ct. App. 1991). Young prevailed in an open-records case, §§ 19.31-37, STATS., and therefore was entitled to his actual costs under § 19.37(2), STATS. *Young*, 165 Wis. 2d at 281-82, 477 N.W.2d at 342. However, Young prosecuted his own case and is an attorney. *Id.*

We said in *Young* that the open-records law does not contemplate an award of attorney fees to a pro se litigant-attorney, regardless of the quality of that self-representation, for the same reason the United States

Supreme Court gave in *Kay v. Ehrler*, 499 U.S. 432 (1991). *Young*, 165 Wis. 2d at 295, 477 N.W.2d at 347-48. The *Kay* court held that a pro se litigant-attorney is not entitled to recover fees under 42 U.S.C. § 1988 even though that statute authorizes allowing the prevailing party a reasonable attorney fee. *Kay*, 499 U.S. at 437-38. It concluded that the purpose of the statute is to ensure the effective prosecution of meritorious claims with independent counsel, and that the attorney who represents himself is deprived of the judgment of an independent third party. *Id.*

Section 32.28, STATS., authorizing the allowance of litigation expenses in condemnation proceedings, has another purpose. It is intended "to discourage low jurisdictional offers and to make the condemnee whole when the condemnee is forced to litigate in order to get the full value of the property." *Standard Theatres*, 118 Wis. 2d at 745, 349 N.W.2d at 670. But while § 32.28(1) includes reasonable attorney fees in the definition of litigation expenses, no precedent suggests that to make the condemnee whole he or she must be compensated for time and effort devoted to the case. The statute refers to fees, not to income the condemnee would have earned but for the time spent on the condemnation proceeding, whether the condemnee is an attorney, an appraiser, an engineer or a farmer. We reject Dickie's assertion that he is entitled to compensation for his own time and effort on his own condemnation case.

The circuit court found that the relationship of client and attorney did not exist between Dickie and his law firm. That finding is beyond dispute with respect to the $22,187.50 in fees Dickie generated for his own services. The fact that his fees were funneled

through his law firm is immaterial. That part of his claim for litigation expenses must be rejected.

The circuit court further found that the other members of Dickie's firm worked on his condemnation case as his subordinates under his supervision, and no indicia of an attorney/client relationship were present. Dickie objects to the fact that this factual finding was reached without holding an evidentiary hearing or reviewing any evidence other than the statement of services and disbursements his law firm submitted to him. But Dickie did not request an evidentiary hearing. He cannot complain that a hearing he never requested was never held. *See Wirth v. Ehly*, 93 Wis. 2d 433, 443, 287 N.W.2d 140, 145 (1980) (issue not raised in the trial court not considered for first time on appeal).

The circuit court's finding that no attorney/client relationship existed between Dickie and Attorney Blanchard is a reasonable factual inference from Dickie's law firm's statement for services and disbursements, the only evidence before the court. In addition to the many entries showing charges by Blanchard relating to "office conferences to discuss case," the statement shows approximately thirty conferences between Dickie and Blanchard. Conferences between a client and attorney are normal, but the statement shows that most of the conferences between Dickie and Blanchard involved the practice of law: conferences on statutes regarding an appeal, a notice of dismissal, consequences of a dismissal, the status of legal research, and research and drafting of a response, etc. Such conferences between Dickie, an attorney who bills at $225 per hour, and Blanchard, who works at the same firm and bills at $100 per hour, support the inference that Blanchard worked under Dickie's supervision and was

not Dickie's attorney. Because the inference is reasonable and is drawn from the undisputed facts, we must accept it. *Estate of Beale*, 15 Wis. 2d 546, 556, 113 N.W.2d 380, 385 (1962).

The circuit court properly awarded Dickie the disbursements his firm billed to him, including the fee paid to local counsel. These are litigation expenses he actually incurred.

*By the Court.*—Order affirmed.