■ In the Matter of DENNIS M. GRAY et al., Petitioners, v TOWN OF OPPENHEIM, Respondent. [734 NYS2d 343] —Mercure, J. P. Proceeding initiated in this Court pursuant to EDPL 207 to review a determination of respondent which condemned a portion of petitioners' properties to widen a public highway.

Youker-Gray Road (hereinafter the highway) in the Town of

Oppenheim, Fulton County, extends for a distance of approximately 4,825 feet from County Highway 150* to a dead end. The highway has been classified by an unappealed order of Supreme Court, Fulton County, entered July 26, 1996 as "a highway by use of two rods" and has a gravel traveled surface approximately 16 feet in width. For the entire length of the highway on one side and most of its length on the other side, the highway fronts petitioners' property. For much of its length, it is bounded by existing stone wall fences and mature maple trees situated on petitioners' property. Under the terms of Supreme Court's order, those fences and trees are to remain undisturbed unless acquired by subsequent appropriate legal action by respondent.

In September 2000, respondent's Town Board gave notice of its proposal to acquire lands along both sides of the highway so as to widen the right-of-way from the then 33 feet (two rods) to 49.5 feet (three rods). At the September 26, 2000 public hearing on the project, various entities and individuals offered evidence supporting and opposing the project. At the conclusion of that session, the public hearing was adjourned to November 21, 2000. On the latter date, the hearing was further adjourned to December 14, 2000 due to the unavailability of a stenographer. Following the conclusion of the hearing on December 14, 2000, the Town Board adopted a determination and findings that the proposed project would benefit the public. Notice of that determination was published in two local newspapers on March 6 and 7, 2001. On April 5, 2001, petitioners commenced this proceeding pursuant to EDPL 207 by filing a petition in this Court seeking, as relevant, annulment of the Town Board's determination and findings with regard to the proposed project.

As a threshold matter, we reject respondent's jurisdictional and Statute of Limitations challenges, both based on petitioners' failure to commence the proceeding by service of a notice of petition or order to show cause in accordance with CPLR 403 and 22 NYCRR 800.2 (b). Something of a procedural oddity, the governing statute, EDPL 207 (A), specifically provides for judicial review of the condemnor's determination "by the filing of a petition in [the Appellate Division] within thirty days after the condemnor's completion of its publication of its determination and findings * * * accompanied by proof of service of a demand on the condemnor to file with said court a copy of a written transcript of the record of the proceeding before it, and

* Certain of the survey maps filed as exhibits in this proceeding refer to the same as County Highway 108.

a copy of its determination and findings" (EDPL 207 [A]). Although it would be preferable for EDPL 207 to track the procedure prescribed in CPLR article 4 for the commencement of a special proceeding, and we would welcome legislative action to that end, petitioners cannot be faulted for following the precise letter of the governing statute as enacted by the Legislature. Further, because this Court afforded respondent an opportunity to file a responsive pleading, we cannot see that it has been prejudiced in any way.

Now addressing petitioners' challenge to the Town Board's determination and findings with regard to the proposed acquisition, we first note that the scope of our review is expressly "limited to whether: (1) the proceeding was in conformity with the federal and state constitutions, (2) the proposed acquisition is within the condemnor's statutory jurisdiction or authority, (3) the condemnor's determination and findings were made in accordance with procedures set forth in [EDPL art 2] and with [ECL art 8], and (4) a public use, benefit or purpose will be served by the proposed acquisition" (EDPL 207 [C]). In our view, petitioners have failed to raise a meritorious objection on any of those grounds.

First, we conclude that petitioners' equal protection and due process challenges, which are predicated upon bare assertions that respondent has not engaged in widening and improvement projects with regard to other similar highways and that the condemnation was excessive, have no competent support in the administrative record. Although petitioners' counsel, who testified as a witness at the public hearing, made mention of seven other roads that he felt may be good candidates for widening, absolutely no evidence was adduced to support a finding that petitioners have "been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment" (*Village of Willowbrook v Olech*, 528 US 562, 564). Similarly, there is no competent support in the record for petitioners' premise that, even without acquiring any additional property, respondent could widen the traveled portion of the highway to encompass the entire existing 33-foot right-of-way. We also note that the contention fails to account for the fact that such a widening of the highway would leave no additional right-of-way for utilities, drainage ditches or the disposition of plowed snow.

Nor are we persuaded that the purpose of the acquisition was for a private rather than public benefit. Upon judicial review, if the condemnor demonstrates an adequate basis for its conclusion that a public purpose is served, and the objector

cannot show that the determination was without foundation, the determination should be confirmed (*see, Long Is. R. R. Co. v Long Is. Light. Co.*, 103 AD2d 156, 168, *affd* 64 NY2d 1088). Based upon our review of record, we conclude that the evidence adduced at the public hearing provides ample support for respondent's finding that the project would serve a public purpose. Notably, letters from the school district encompassing the highway and two local volunteer fire companies expressed concern about the width of the highway as it related to the safe passage of school buses and emergency vehicles, and respondent's Highway Superintendent and other local residents testified concerning the need to widen and improve the highway. In contrast, there is little record support for the contention that the acquisition is motivated by an intrafamily dispute between the Youker and Gray families. As correctly contended by respondent, it is apparent that most of petitioners' account of this supposedly longtime feud and various hypotheses of improper motivation for the present acquisition were not derived from the record.

As a final matter, we conclude that respondent's published notice of the purpose, time and location of the *initial* date of the public hearing and publication of a brief synopsis of its determination and findings within 90 days of the *final* date of the hearing constituted sufficient compliance with the publication requirements of EDPL 202 (A) and 204 (A). Petitioners' remaining contentions have been considered and found to be lacking in merit.

Spain, Carpinello, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.