In the Matter of GEORGIA HARGETT, Petitioner, v TOWN OF TICONDEROGA et al., Respondents. [826 NYS2d 819]—

Mugglin, J. Proceeding initiated in this Court pursuant to EDPL 207 to review a determination of respondents which condemned a portion of petitioner's land for the laying of a new highway.

The central issue presented is whether a town superintendent of highways, acting pursuant to the Highway Law and the Eminent Domain Procedure Law, may condemn private property to lay out a new highway from an existing town road to state-owned woodlands based on the superintendent of highways' finding that increased access to the state property for recreational users will enhance the growth of a tourist-based economy in the town. For the reasons herein expressed, we conclude that a superintendent of highways may not do so.

When these parties were previously before us, we affirmed Supreme Court's dismissal of petitioner's application to review a determination of respondent Town of Ticonderoga Highway Superintendent denying petitioner's request for the discontinu-

ance of a portion of a public highway (*Matter of Hargett v Town of Ticonderoga,* 25 AD3d 981 [2006]). Subsequently, petitioner rejected respondents' request to dedicate a portion of her property for town highway purposes. Consequently, the Superintendent applied to the Town Board for permission to acquire the property by eminent domain, stating only that the proposed highway would "establish access from an existing town road to a pre-existing public right of way for vehicles, hikers, horseback riders, bicyclists, and snowmobilers" and "establish access from [an] existing town road to state owned land for vehicles, hikers, horseback riders, bicyclists, and snowmobilers." After the Town Board approved the Superintendent's application, he convened a public hearing following which he issued a written determination and findings which, in addition to restating the reasons for the condemnation above set forth, explained that "[t]he Town, seeking to evolve into a tourist based economy, is desirous of the increased availability for recreational opportunities within the Town in order to boost its attractiveness for tourists and outdoor enthusiasts" and "[t]his increased access will only enhance the recreational opportunities available in the Town." The parcel affected is approximately 50 feet in width and runs approximately .6 mile along the eastern boundary of petitioner's land and includes a turnaround area. The easterly 25 feet of this parcel is reputedly on petitioner's property and the westerly 25 feet on lands of a nonparty to this proceeding. The Superintendent also found that the taking would not have a significant adverse impact on the environment and he issued a negative declaration. Thereafter, petitioner commenced this proceeding in this Court pursuant to EDPL 207 (A), challenging the determination and findings and ultimate decision to condemn a portion of her property.

As an initial matter, we disagree with petitioner's argument that a town superintendent of highways is not empowered to undertake an eminent domain proceeding. EDPL 101 constitutes "the exclusive procedure by which property shall be acquired by exercise of the power of eminent domain in New York state." Our scope of review in these matters is "limited to whether: (1) the proceeding was in conformity with the federal and state constitutions, (2) the proposed acquisition is within the condemnor's statutory jurisdiction or authority, (3) the condemnor's determination and findings were made in accordance with procedures set forth in [EDPL article 2] and with [ECL article 8], and (4) a public use, benefit or purpose will be served by the proposed acquisition" (EDPL 207 [C]; *see Matter of Waldo's, Inc. v Village of Johnson City,* 74 NY2d 718, 720 [1989]; *Matter of Gray v Town of Oppenheim,* 289 AD2d 743,

745 [2001], *lv denied* 98 NY2d 606 [2002]; *Matter of Broadway Schenectady Entertainment v County of Schenectady*, 288 AD2d 672, 672-673 [2001]). Contrary to petitioner's argument, a superintendent of highways has the power, upon determining that public necessity demands a new or additional highway, to: "apply to the town board of his [or her] town for permission to institute a proceeding to acquire so much land as may be necessary to lay out such new or additional highway, and when such consent shall have been given by the town board of such town, the said town superintendent of highways may make application pursuant to the eminent domain procedure law to supreme court . . . to obtain an order for permission to file an acquisition map of the property to be acquired" (Highway Law § 173). The granting of "such consent" by the town board empowers the superintendent of highways to undertake every step in the eminent domain process, from "institut[ing] a proceeding" (Highway Law § 173; *see* EDPL 201 *et seq.*), to "mak[ing] [an] application" (Highway Law § 173; *see* EDPL 402 [B]) to "fil[ing] an acquisition map" (Highway Law § 173; *see* EDPL 402 [B] [5]).

Notwithstanding the foregoing, we do find merit to petitioner's argument that the Superintendent exceeded his authority in condemning petitioner's property for purposes not related to his position. As above noted, the proposed acquisition must be "within the condemnor's statutory jurisdiction or authority" (EDPL 207 [C]; *see Matter of Waldo's, Inc. v Village of Johnson City, supra* at 720). A town highway superintendent's jurisdiction and authority are defined by statute (*see generally* Highway Law § 140 *et seq.*). Every enumerated duty or power found in the statute relates to the creation, care or maintenance of the town's roads, bridges, sidewalks or other related appurtenances. A superintendent of highways "[does] not have the power to represent or affect the town otherwise than in the manner provided by statute" (*Flynn v Hurd*, 118 NY 19, 27 [1889]). As we find no statutory authority for the Superintendent to determine that a highway for recreational users would enhance the economy of the town, we annul the determination and grant this petition. We do not address the balance of petitioner's arguments as they are rendered academic by this decision.

Peters, J.P., Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is annulled, with costs, and petition granted.