■ In the Matter of the Acquisition of Real Property by the COUNTY OF CORTLAND, Respondent. LISA K. MILLER et al., Appellants, et al., Respondents. [899 NYS2d 467]—

* The father's subsequent motion for reconsideration was dismissed.

Lahtinen, J. Appeal from an order of the Supreme Court (Coccoma, J.), entered November 25, 2008 in Cortland County, which granted petitioner's application, in a proceeding pursuant to Highway Law § 120, to condemn certain real properties and appointed commissioners to determine appropriate compensation.

The Cortland County Highway Department planned a construction project on County Route 114 (also known as East River Road) in the Town of Homer in which it would replace existing culverts with larger ones so as to enhance safety by providing a wider road. To construct one of the culverts, petitioner sought to acquire a little over one third of an acre from the 270 acres owned by respondents Lisa K. Miller and Dean G. Miller (hereinafter collectively referred to as respondents). Disputes arose, in part, because of respondents' concern about the historical nature of their property, which contains archeological remains of a Native American village. Efforts to negotiate a sale of the area sought by petitioner were unsuccessful. In August 2008, the Cortland County Legislature authorized the County Attorney to acquire, pursuant to the EDPL, the land needed for the culvert project.

Petitioner commenced this proceeding seeking, among other things, to condemn the relevant portion of respondents' property. Respondents argued that petitioner had failed to comply with the procedural requirements of the EDPL. Petitioner asserted that it was pursuing the taking under Highway Law article 6 and that the EDPL did not apply. Supreme Court agreed with petitioner and further concluded that, in any event, the taking was de minimis and, thus, would have been exempted by EDPL 206 (D) from the hearing requirements of the EDPL. Three commissioners were appointed pursuant to Highway Law § 120 to determine compensation. Respondents appeal.

The EDPL, enacted in 1977 after many years of study by the Commission on Eminent Domain, had primary goals of replacing the then-existing vast array of procedures with "a uniform and equitable procedure which assures that the public will be

adequately informed through hearings of proposed public projects requiring the acquisition of land; that environmental and community impact will be weighed before the acquisition can go forward; and that every effort will be made to negotiate with owners for the acquisition of their property" (Governor's Mem approving L 1977, ch 839, 1977 McKinney's Session Laws of NY, at 2529). The statute explicitly provides that "[i]t is the purpose of this law to provide the *exclusive procedure* by which property shall be acquired by exercise of the power of eminent domain in New York state" (EDPL 101 [emphasis added]; *see Matter of Hargett v Town of Ticonderoga*, 35 AD3d 1122, 1123 [2006], *lv denied* 8 NY3d 810 [2007]). Another provision states that "[t]he [EDPL] shall be uniformly applied to *any and all* acquisitions by eminent domain of real property within the state of New York" (EDPL 104 [emphasis added]). Moreover, as relevant in the current proceeding, regarding the determination of just compensation, the statute sets forth that Supreme Court "shall have exclusive jurisdiction to hear and determine all claims arising from the acquisition of real property and shall hear such claims without a jury or *without referral to* a referee or *commissioners*" (EDPL 501 [B] [emphases added]).

When the EDPL was enacted, it was recognized that isolated "errors and oversights" may have occurred, potentially resulting in some laws remaining that were inconsistent with the EDPL (Governor's Mem approving L 1977, ch 839, 1977 McKinney's Session Laws of NY, at 2529). This unusual acknowledgment was ostensibly the result of having had to "sift[ ] through more than [50] different [then-existing] procedures" and address "over 150 separate sections of law" (Governor's Mem approving L 1977, ch 839, 1977 McKinney's Session Laws of NY, at 2529). Hence, in addition to the exclusivity provisions regarding the EDPL procedures set forth in EDPL 101 and 104, the Legislature further provided that "[n]otwithstanding any inconsistent provisions of law, general or special, the provisions of this law shall be controlling and on and after the effective date of this law, any interest in real property subject to acquisition shall be acquired pursuant to the provisions of this law" (EDPL 705). While provisions in other statutes germane to condemnation that are not inconsistent with the EDPL may remain relevant (*see generally Matter of Hargett v Town of Ticonderoga*, 35 AD3d at 1124), provisions that are inconsistent with the EDPL must give way to that statute.

Here, the County Legislature's resolution in August 2008 authorized the acquisition pursuant to the EDPL. Rather than adhering to the method for the taking directed in the resolution

(i.e., the EDPL), petitioner instead attempted to use a procedure under a different statute (i.e., Highway Law § 120). This alone is reason enough to dismiss the petition. In addition, Highway Law § 120 is inconsistent with the EDPL in significant aspects relevant in this proceeding, including hearing requirements (*see* EDPL 201) and who determines compensation (*see* EDPL 501 [B]). Those aspects of Highway Law § 120 no longer govern a taking in this state and it was error to utilize procedures from Highway Law § 120 that were at odds with the EDPL.

Petitioner argues that the taking should nevertheless be upheld on the alternative ground that it was exempt from the hearing requirements of EDPL article 2 because the taking was de minimis (*see* EDPL 206 [D]). The fact that the amount of land is not substantial does not necessarily render a taking de minimis (*see Matter of Marshall v Town of Pittsford*, 105 AD2d 1140, 1140-1141 [1984], *lv denied* 64 NY2d 606 [1985]). Initially, we are reluctant to retroactively find compliance with the EDPL under the facts of this case where petitioner opted to attempt to pursue condemnation under a separate statute with different procedures. In any event, we are unpersuaded that this record supports a de minimis determination in light of the close proximity of the project to land with significant historic remains (there are two letters in the record from Native American groups articulating concerns), together with the fact that petitioner expanded the scope of the project from what was originally proposed and such expansion resulted in the State Historic Preservation Office suspending its earlier approval.

The remaining arguments have been considered and are either academic or unavailing.

Mercure, J.P., Rose, Kavanagh and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, and petition dismissed without prejudice to petitioner proceeding pursuant to the EDPL.