■ In the Matter of the Acquisition of Real Property by the COUNTY OF CORTLAND. COUNTY OF CORTLAND, Respondent; LISA K. MILLER et al., Appellants, et al., Respondents. [934 NYS2d 605]—

Lahtinen, J.

The underlying facts are set forth more fully in our earlier decision dismissing petitioner's proceeding seeking to condemn a small section of real property owned by respondents Lisa K. Miller and Dean G. Miller (hereinafter collectively referred to as respondents) (72 AD3d 1436 [2010]). We dismissed the proceeding upon the ground that petitioner had improperly used Highway Law § 120 rather than the Eminent Domain Procedure Law (*id.*). Respondents thereafter made an application pursuant to EDPL 702 (B) for, among other things, counsel fees and costs of $70,238.89, which included the alleged value of attorney services of about $50,000 rendered by Lisa Miller (hereinafter Miller). Miller was admitted to the bar in May 2009 while the underlying proceeding was pending and she did pro se legal work related to such proceeding. Supreme Court denied the portion of counsel fees for pro se work by Miller, awarded engineering expenses totaling $921.52, and noted that it would reconsider reimbursement for other expenses, including actual counsel fees paid, upon submission of receipts or attorney affidavits. Subsequent submissions by respondents included an affirmation and paid legal bill of $8,500 from attorney Douglas A. Foss. Supreme Court awarded $6,250 of the $8,500 fee of Foss. Respondents appeal.

Respondents contend that they should be compensated for the value of attorney services rendered by Miller. Petitioner concedes that EDPL 702 (B) applies to this case and the relevant portion thereof provides that "the condemnor shall be obligated to reimburse the condemnee, an amount . . . for actual and necessary costs, disbursements and expenses, including reasonable attorney, appraisal and engineering fees, and other damages actually incurred by the condemnee because of the acquisition procedure." Although the statute is liberally construed to effect its purpose (*see Hargett v Town of Ticonderoga*, 56 AD3d 1016, 1018 [2008], *affd* 13 NY3d 325 [2009]), it is notable that the statute limits recovery to those fees that are "actual" and reiterates the restriction of "damages actually incurred." There are no appellate cases in this state addressing whether a pro se attorney can recover counsel fees under EDPL 702 (B) and, as a general matter, the law is not uniform regarding whether a pro se attorney should be permitted to recover the reasonable value of legal services in situations where counsel fees actually paid to a retained attorney would be otherwise allowed (*compare Kay v Ehrler*, 499 US 432, 437-438 [1991], *and Trope v Katz*, 11 Cal 4th 274, 281-282, 902 P2d 259, 264-265 [1995], *and Dickie v City of Tomah*, 190 Wis 2d 455, 463, 527 NW2d 697, 700 [1994], *with Department of Conservation of State for & in Behalf of People v Lawless*, 100 Ill App 3d 74, 82, 426 NE2d 545, 551 [1981]; *see generally* 1 R. Rossi, Attorney's Fees § 6:13 [3d ed]). However, we need not dispositively decide in this appeal whether pro se counsel fees should be permitted under EDPL 702 (B) because, even if permitted, a minimum showing would include that the person was admitted to the bar and lost time from a law practice or law-related employment. Here, half the billing pages submitted by Miller to Supreme Court pertained to time before she was admitted to the bar. With respect to the remaining time, there is no indication in her submissions to Supreme Court that her work in this case diverted her from law-related employment or other clients. Under such circumstances, we are unpersuaded that Supreme Court erred in denying a financial recovery for the value of attorney services.

Supreme Court sufficiently explained its reasons for the amount it awarded with regard to legal services rendered by Foss and, there being no abuse of discretion, we decline to modify such amount (*see Matter of Freeman*, 34 NY2d 1, 9-10 [1974]; *Shrauger v Shrauger*, 146 AD2d 955, 956 [1989], *appeal dismissed* 74 NY2d 844 [1989]). The remaining arguments have been considered and found unavailing.

Peters, J.P., Stein, McCarthy and Garry, JJ., concur. Ordered that the orders are affirmed, without costs.