Federal Natl. Mtge. Assn. v Johnson (2019 NY Slip Op 08471)





Federal Natl. Mtge. Assn. v Johnson


2019 NY Slip Op 08471


Decided on November 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 21, 2019

528824

[*1]Federal National Mortgage Association, Appellant,
v
Robert W. Johnson et al., Respondents, et al., Defendants.

Calendar Date: October 18, 2019

Before: Egan Jr., J.P., Lynch, Clark and Pritzker, JJ.


Gross Polowy, LLC, Westbury (Marie Nicholson of counsel), for appellant.
Welch & Zink, Corning (Jeff N. Evans of counsel), for Robert W. Johnson, respondent, and Carl T. Hayden, Elmira, respondent pro se.



Pritzker, J.
Appeal from an order of the Supreme Court (Keene, J.), entered September 10, 2018 in Schuyler County, which partially granted defendant Carl T. Hayden's motion to, among other things, compel disclosure and for counsel fees.
In 2005, defendant Brad S. Johnson executed a promissory note in favor of PHH Mortgage Services Corporation that was secured by a mortgage on real property. In 2008, Brad Johnson transferred the property to defendant Robert W. Johnson. After the mortgage and note were assigned to plaintiff, in July 2016, plaintiff commenced this mortgage foreclosure action against defendants, contending that Brad Johnson failed to make the January 2015 payment as well as subsequent payments. Robert Johnson answered, asserting that plaintiff failed to provide him with appropriate notices as the owner and resident of the property. Defendant Carl T. Hayden, a retired attorney and the holder of a judgment encumbering the subject property, did not file an answer, but did file a limited notice of appearance demanding service of all papers and notice of proceedings. Plaintiff thereafter moved for summary judgment and dismissal of the affirmative defenses, which the court denied.[FN1]
At a May 2018 pretrial conference, the parties consented to a scheduling order for the purpose of preparing for trial that directed the parties to serve discovery demands by May 18, 2018 and responses to those demands by June 29, 2018. On May 8, 2018, Hayden served discovery demands on plaintiff's counsel. On July 10, 2018, Hayden sent a letter to plaintiff's counsel stating that plaintiff had failed to comply with the discovery demands. Hayden further stated that he would move for relief and sanctions if plaintiff's counsel failed to comply with the discovery demands by July 21, 2018. Plaintiff did not respond by that date and, on July 30, 2018, Hayden moved to compel disclosure and for sanctions, including dismissal of the complaint and counsel fees. Plaintiff opposed the motion and Supreme Court partially granted Hayden's motion by compelling disclosure and awarding Hayden the costs and counsel fees incurred in connection with the motion. Plaintiff appeals.
In a companion appeal, Federal Natl. Mtge. Assn. v Johnson (___ AD3d ___ [decided herewith]), this Court reversed Supreme Court's denial of plaintiff's motion for summary judgment. As such, plaintiff's appeal from that portion of the order that granted Hayden's motion to compel has been rendered academic. However, inasmuch as Supreme Court erred in awarding counsel fees to Hayden, a pro se litigant, under the circumstances of this case, we reverse that portion of the order (see generally Kay v Ehrler, 499 US 432, 438 [1991]; Matter of County of Cortland [Miller], 90 AD3d 1277, 1278 [2011]; Village of Brockport v Calandra, 191 Misc 2d 718, 728 [Sup Ct, Monroe County 2002], affd 305 AD2d 1030 [2003]).
Egan Jr., J.P., Lynch and Clark, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and application for counsel fees denied.



Footnotes

Footnote 1: Plaintiff appealed the denial of its motion for summary judgment (Federal Natl. Mtge. Assn. v Johnson, ___ AD3d ___ [decided herewith]).